## THE PEOPLE on the relation of DINSMORE *a.* THE CROTON AQUEDUCT BOARD.

*Supreme Court, First District ; Special Term, November,* 1857.

### MANDAMUS.—PARTIES.—STAY OF PROCEEDINGS.

An application for a mandamus to compel a department of a municipal corporation to receive and consider a bid made by relators for a corporation contract, but rejected by the department for alleged informality, having been denied at the special term, the relators appealed, and procured an order staying proceedings of the defendants pending the appeal. A motion was made on behalf of third parties, rival bidders for the contract, to vacate the stay of proceedings, to the end that it might not embarrass the department in making an award to the moving parties.

*Held,* that the rival bidders could not be heard to make the motion, they not being parties to the proceeding.

Motion for an order to vacate a stay of proceedings pending an appeal, and to put the cause immediately on the general term calendar.

This was an application by Samuel P. Dinsmore and John M. Wood for a mandamus, addressed to the Croton Aqueduct Board of the city of New York, requiring them to receive and consider a bid made by the relators for the contract for the work of constructing a new Croton Reservoir in Central Park. The motion was denied at special term. See *Ante,* 316. The relators appealed to the general term, and obtained an order staying all proceedings of the defendants in the cause, pending the appeal.

Messrs. Fairchild & Co., who were also competitors for the reservoir contract, and who claimed to be entitled to an award by the board, now moved that the stay of proceedings be vacated, and that the cause be put immediately on the general term calendar.

*James R. Whiting,* for the motion.

*Abbott Brothers,* opposed.

*Richard Busteed,* corporation counsel, for the Croton Aqueduct Board.

ROOSEVELT, J.—The Croton Board having advertised for contracts for building a new reservoir, various proposals were sent in, and among them one from Dinsmore & Wood, and one from Fairchild & Co. After full consideration, the board concluded to award the contract to the latter firm, prior to which the former had sued out a writ of *mandamus.* The case was heard before Judge Peabody, who confirmed the decision of the Aqueduct Board, refusing to entertain Dinsmore & Wood's bid. From this decision Dinsmore & Wood appealed to the general term, and obtained a stay of proceedings till the final hearing should be had. It is now alleged that they have taken no steps to bring on that hearing, and that the stay of proceedings ought therefore to be revoked.

A sufficient answer to the motion of Fairchild & Co. would seem to be, that they were not parties to the *mandamus*, and were in no wise affected by the judgment and order upon it. The order does not bind them, and, as against them, does not protect the Croton Board. They can demand the contract; and if refused, and if they are right, they can enforce the demand, notwithstanding an order to stay proceedings made in a cause to which they were not parties. The same remedy by *mandamus* against public officers is open to them, as was taken by their competitors, Messrs. Dinsmore & Co.; and the same reasons, if sound, which induced the judgment *against* Dinsmore & Wood, would equally, it is presumed, insure a judgment *in favor* of Fairchild & Co. Two suits, it is true, would be the consequence, —an inconvenience, no doubt, to the parties, but one for which the law as yet has provided no remedy. The Code, admitting all parties to be heard in one suit, does not apply to the writ of *mandamus.* Section 471 expressly excludes that class of cases. It may be that the Croton Board could have filed a bill of interpleader. Of the expediency of doing so they were the judges. Or all parties may unite in a statement of facts— which could readily be agreed upon—to be submitted to the general term, accompanied by such arguments as the respective counsel may see fit to urge.

It is enough, however, for the determination of the present application, that the rules of law as at present existing in cases of *mandamus*, and until (as the Code expresses it) the Legislature shall otherwise provide, do not allow an outside party to

intervene on such an appeal as that taken by Dinsmore & Wood. Whether the court should hear the counsel of Fairchild & Co. as *amicus curiæ*, when the argument is brought on, will be for the general term to decide. It is competent to the judges to listen, in that character, to the suggestions of any member of the bar, in any case. No formal order is necessary ; and certainly none would be proper, to be made by a single judge at special term, to control the discretion of his brethren on the general term bench.

The motion made by Fairchild & Co. to vacate the stay of proceedings in the Dinsmore suit, and to place that suit on the present general term calendar, and to permit Fairchild & Co. to be heard by counsel on the Dinsmore appeal, must therefore be denied.