[No. 5110.    Decided January 16, 1905.]

THE STATE OF WASHINGTON, *on the Relation of Tom Brown, Appellant,* v. JOHN McQUADE *et al., as Directors etc., Respondents.*[1]

MANDAMUS—WHEN LIES—SCHOOLS—COMPELLING SCHOOL BOARD To ISSUE WARRANT FOR TEACHER'S SALARY.   Mandamus will lie upon the application of a school teacher to compel a board of school directors to issue a warrant for his salary, if anything is due under a contract providing that he was to be paid by a warrant drawn by the school board on the county treasurer, the remedy at law being inadequate, since it could only result in a judgment directing the issuing of a warrant.

SAME—MANDAMUS UNDER THE CODE.   The principle that the writ of mandamus issues only where the right thereto is clear

[1] Reported in 79 Pac. 207.

has no application to the writ authorized by the Code, and hence may issue, although sought to enforce disputed claims, the procedure under the code having all the elements of a civil action.

SCHOOLS AND SCHOOL DISTRICTS—CONTRACT TO TEACH SCHOOL— VALIDITY. It is error to dismiss a proceeding in mandamus to enforce a teacher's contract to teach school, on the theory that it was illegal to contract to teach a district school forming a part of a union district, and at the same time to teach in a union high school in the same building, as there is nothing illegal in such contract.

MANDAMUS—PLEADINGS—REPLY. It is not necessary, under the code, to reply to a return or answer to mandamus, new matter being deemed denied.

Appeal from a judgment of the superior court for King county, Rudkin, J., entered October 26, 1903, upon motion of the defendants, dismissing an application for a writ of mandamus, after hearing the plaintiff's evidence. Reversed.

*Horace A. Wilson,* for appellant.

*Fred H. Peterson,* for respondents.

FULLERTON, J.—This is a proceeding in mandamus, instituted by the appellant to compel the respondents, who are officers of school district number 68, to issue to him a warrant for $100, which he claims to be due him as part of his salary for teaching in the public school of district number 68, during the school year of 1902 and 1903. In his application for the writ, the appellant alleged that on the 12th day of July, 1902, the directors of the school district named entered into a contract with him, by the terms of which he agreed to teach in the public schools of that district for a period of ten months, at a salary of $100 per month, payable at the end of each month out of the funds of the school district, upon a warrant drawn by the directors payable by the county treasurer. He then alleges that he entered upon the per-

formance of his contract at the time agreed upon, and fully and faithfully performed the same on his part; that the respondents paid the salary agreed upon for each month of the school year, except the month of June 1903, for which month the directors, unlawfully and without reason, excuse, or justification, adopted a resolution withholding the warrant for his salary, and ever since have refused to issue such warrant, although demand had been made upon them therefor.

On the filing of this application, the court issued an alternative writ of mandate, to which the directors made return, and subsequently an amended return, the latter only appearing in the record sent to this court. In this return it is admitted that a contract was entered into between school district number 68 and the appellant, by which the appellant was employed to teach in the public school of that district, but deny that such a contract was made as the appellant sets out. On the contrary, they allege that the appellant was employed to teach in both school district number 68 and the union high school composed of districts numbered 68, 4, and 20, and that he was to receive the sum of $80 per month for his services to district 68, and $20 for his services in the high school, all of which was to be paid by district 68. Further, it was alleged that the respondent did not faithfully comply with his contract, in that he did not issue and deliver to graduating pupils a diploma, as the rules and regulations governing the conduct of the schools required; also, that he had taken and appropriated to his own use certain property of the district of the value of $14, which he had not accounted for; and that, subsequent to the institution of the proceedings, he had received from the union high school $200, which, together with the amount paid him by district 68, made $100 more than he was

entitled to for his services under the contract. The prayer was that a peremptory writ be denied, and that the respondents be permitted to go hence without day.

After the filing of the amended return, a trial of the issues was entered upon, at which the appellant offered himself and one W. E. Holland as witnesses, their evidence tending to support the right of the appellant to the relief demanded by him. The court, however, after the appellant had testified, and in the course of the examination of Mr. Holland, on motion of the respondents, dismissed the proceedings on the ground that it was not a case in which mandamus would lie, remarking, while giving the reasons for his conclusion, that, if the rule were otherwise, he did not think the evidence offered made a case entitling the appellant to a writ.

On both questions, we think the learned trial judge was in error. By virtue of the statute the writ of mandamus may issue to any inferior tribunal, board, or person, to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station; and, clearly, it was the duty of this school board to draw a warrant for the appellant's salary as a teacher, if any such salary was due him. As his contract with the district provided that he was to be paid by a warrant drawn by the school board on the county treasurer, in no other way was he entitled to receive payment for his services, and, unless he can force the board to act, it is difficult to see how he is going to get paid at all. An action at law against the district will not furnish him relief. The most he could obtain by such an action would be a judgment against the district which would entitle him to a warrant drawn by the directors on the county treasurer. He could not obtain a judgment which could be collected by execution. If the judgment was not paid

voluntarily—if the directors still refused to act of their own volition—he would yet have to resort to mandamus to secure his rights.

It would seem, therefore, that in reason the claimant could resort to the remedy of mandamus in the first instance. But it is said that the remedy of mandamus is only applied where the right to the thing sought is clear, that it is not a procedure to determine disputed claims, and that here the directors disputed the right of the appellant to the amount claimed by him to be due as salary. But however effective this contention might have been, when applied to the writ as anciently administered, it has no application to a writ denominated mandamus by the Code. Formerly mandamus was regarded as a prerogative writ, issued not as of right, but at the pleasure of the sovereign, or state, in his or its name, as an attribute of sovereignty, but with us the writ is not in any sense a prerogative writ, or a writ to be issued at the discretion of the court. It is a procedure under the Code, and any person who has a cause that calls for its invocation has the same right to sue out the writ as he has to commence a civil action to redress a private wrong. As we said in *State ex rel. Race v. Cranney,* 30 Wash. 594, 71 Pac. 50, a proceeding in mandamus,

"    .   .   . is a judicial investigation, the object of which is the determination of civil rights, the same as in any ordinary proceeding; not only the determination of rights, but their determination in such a way as to culminate in an effective judgment."

In our practice, mandamus is nothing more than one of the forms of procedure provided for the enforcement of rights and the redress of wrongs. The procedure has in it all the elements of a civil action. The facts stated in the affidavit for the writ may be controverted by a return,

raising both questions of law and fact. The return like-
wise may be controverted, and a trial had on the issues of
fact thus raised, either before the court, a jury, or a ref-
eree, as the court may order. Judgment can be en-
tered on the verdict or findings not only directing the
issuance of a peremptory mandate, but for damages and
costs on which execution may issue. The statute has
been so framed as to afford complete relief in all cases
falling within its scope and purport, whether these be
cases of wilful violations of recognized rights, or denials,
made in good faith, that the rights contended for exist.
In other words, the right to sue out the writ is not made
to depend on the character of the dispute, but on what
answer is given to the question, can the ordinary course
of law afford a plain, speedy, and adequate remedy? If
the ordinary course of law will furnish such a remedy,
the writ will not issue; otherwise, it will. It was to
avoid circuity of action, thus doing away with the neces-
sity of resorting to more than one proceeding for the en-
forcement of a right, that the law was framed.

This court has many times recognized the differences
between the modern and the ancient writ, and has repeat-
edly upheld the remedy in cases where formerly it would
have been denied. The case of *State ex rel. Race v.
Cranney,* above cited, is an illustrative case. There it
was held a proper proceeding to test the question whether
a redemption from a tax sale had been properly allowed
by the county treasurer—a proceeding involving ques-
tions of both law and fact. In *Cloud v. Town of Sumas,*
9 Wash. 399, 37 Pac. 305, it was held that mandamus
was the only proceeding in which the question of the le-
gality of a city warrant could be tried. To the same
effect is *Abernethy v. Medical Lake,* 9 Wash. 112, 37
Pac. 306. In *State ex rel. Achey v. Creech,* 18 Wash.

186, 51 Pac. 363, it was held the proper remedy to compel a sheriff, who had levied upon community property, to set aside that part which is exempt from execution; and in *Achey v. Creech,* 21 Wash. 319, 58 Pac. 208, it was held that the mandamus proceeding, inasmuch as damages for a wrongful levy could have been recovered therein, operated as a bar to a subsequent action for such damages.

In *Bacon v. Tacoma,* 19 Wash. 674, 54 Pac. 609, it was held that mandamus was the only remedy that would lie to compel the payment of a city warrant, even though the liability of the city thereon was disputed on the ground that the warrants were forgeries, since the statute governing the proceeding in mandamus permitted the trial of disputed questions of fact.   In that case, after reviewing other cases, it was said:

"And so it may be said here, that if the plaintiff should maintain this action and recover judgment against the city, all he would get in satisfaction of his judgment would be other warrants, such as he now has.   And it is therefore apparent that not only this, but any other action of like character, would be entirely futile."

That case is specially in point in the case at bar on the question of the adequacy of the relief; there, as here, a judgment such as could be obtained in a civil action at law afforded only a partial relief.   And in *State ex rel. Dudley v. Daggett,* 28 Wash. 1, 68 Pac. 340, it was held that mandamus was the proper remedy to compel the certification of a pay roll for the salary of a public officer, notwithstanding the right to the office was involved, and certification had been refused because the right of the claimant to the office was in dispute. Other cases from this court, bear-

ing more or less strongly upon the question, are the following: *State ex rel. King v. Trimbell*, 12 Wash. 440, 41 Pac. 183; *State ex rel. Starrett v. James*, 14 Wash. 82, 44 Pac. 116; *State ex rel. Sheehan v. Headlee*, 17 Wash. 637, 50 Pac. 493; *State ex rel. Weinberg v. Pacific etc. Co.*, 21 Wash. 451, 58 Pac. 584, 47 L. R. A. 208; *State ex rel. Ross v. Headlee*, 22 Wash. 126, 66 Pac. 126; *State ex rel. Cann v. Moore*, 23 Wash. 115, 62 Pac. 441; *Quaker City Nat. Bank v. Tacoma*, 27 Wash. 259, 67 Pac. 710; *State ex rel. Hill v. Gardner*, 32 Wash. 550, 73 Pac. 690; *State ex rel. Evers v. Byrne*, 32 Wash. 264, 73 Pac. 394; *State ex rel. Bussell v. Callvert*, 33 Wash. 380, 74 Pac. 573. These cases, as we say, may be more or less of a departure from the writ as early administered, but they fall clearly within the statutory proceeding, and furnish abundant justification for its exercise in the case at bar.

On the question of the sufficiency of the evidence, we think the appellant's testimony made a prima facie case, on which he should have been awarded relief, if it was not overcome by evidence to a contrary effect. From the language of the trial judge, it would seem that he thought the appellant's contract illegal, but we find nothing upon which to base such a conclusion. The testimony was to the effect that the graded school of district 68, and the union high school composed of districts 4, 20 and 68, were held in the same building; that the appellant was employed to superintend both schools, a part of his duty being to teach in both; that for his services he was to receive $100 per month from district 68 and $20 per month from the union high school. Surely there was nothing in this on which to conclude that the contract was illegal.

There was no reply filed controverting the facts set out in the return. The respondents now claim that their re-

turn must be taken as true, and that, inasmuch as they plead facts which, if true, would defeat a recovery, that the judgment was right in any event, and must be affirmed. To this there are several answers, only one of which, however, is necessary to be noticed. No reply is provided for or contemplated in the procedure. On the contrary, it is expressly provided that the applicant is not precluded by the answer from any valid objection to its sufficiency, nor from countervailing it by proofs on the trial, either by direct denial or by way of avoidance. That no reply was contemplated will appear less strange when it is remembered that our act is a literal transcription of the California law on the same subject, and in that state replies are not a part of the pleadings, even in civil actions, new matter and counterclaims in the answer being deemed denied, as new matter and counterclaims set out in replies are deemed denied in this state.

The judgment appealed from is reversed, and the cause remanded for further proceedings.

MOUNT, C. J., and HADLEY and DUNBAR, JJ., concur.