84      STATE EX REL. BILLINGS v. LAMPREY.

---

[No. 8144.   Department One.   January 22, 1910.]

THE STATE OF WASHINGTON, *on the Relation of Ovid Billings et al., Respondents,* v. C. H. LAMPREY, *as Mayor of the City of Snohomish, et al., Appellants.*[1]

MANDAMUS—PEREMPTORY WRIT—FORMAL JUDGMENT—NECESSITY. A peremptory writ of mandamus, on sustaining a demurrer to the application, upon findings and conclusions, issued prior to the entry of formal judgment, is premature; since the proceeding has all the elements of a civil action, and the statute provides for judgment on the issues distinct from the writ issued to enforce it.

APPEAL—APPEALABLE ORDERS—FINALITY—SUBSTANTIAL RIGHTS. An order refusing to quash a peremptory writ of mandamus, prematurely entered upon findings, etc., without a formal judgment, is appealable as an order affecting a substantial right which in effect determines the action.

MUNICIPAL CORPORATIONS—JUDGMENTS—FUNDS FOR PERSONAL INJURY CLAIMS. A judgment against a city for personal injuries was not, under former laws, satisfied by issuing and tendering warrants upon the city's indebtedness fund, since the city current expense fund was the only fund on which the warrant could be drawn.

[1]Reported in 106 Pac. 501.·

SAME. Rem. & Bal. Code, §§ 7999-8001, authorizing cities to create an accident fund, and directing payment of personal injury judgments therefrom, affects only the remedy, and is applicable to existing judgments for which no warrants were drawn when the law went into effect.

Appeal from an order of the superior court for Snohomish county, Still, J., entered March 2, 1909, denying a motion to quash a writ of mandamus, issued upon sustaining a demurrer to the application for the writ. Reversed.

*John W. Miller* and *Robert McMurchie*, for appellants.

*J. Y. Kennedy* and *Hathaway & Alston*, for respondents.

FULLERTON, J.—On January 19, 1909, the respondents recovered a judgment against the city of Snohomish in the sum of two thousand dollars, for personal injuries suffered by Lydia Billings from a fall upon the sidewalk of that city. Thereafter, on the same day, pursuant to the provisions of the statute relating to the collection of judgments against municipalities, the respondents satisfied the judgment of record, procured a certified transcript thereof showing such satisfaction, and presented the same to the appellants as mayor and city clerk of the city of Snohomish, and requested them to issue to the respondents a warrant of the city of Snohomish, drawn upon the current expense fund of the city, for the amount of the judgment with costs. These officers of the city refused to issue a warrant on the city fund requested, but issued and tendered a warrant on the indebtedness fund. This warrant respondents refused to accept, and brought the present proceedings in mandamus to compel the issuance to them of a warrant on the city's current expense fund.

After the service of the writ, the officers of the city appeared and demurred to the application on all of the statutory grounds. The demurrer was overruled, whereupon the appellants elected to stand thereon, and refused to plead further. The court thereupon made written findings of fact, on which it drew the conclusion of law that the respondents

were entitled to the issuance of a peremptory writ of mandamus compelling appellants to issue a warrant on the city's current expense fund for the amount of the respondents' judgment. No formal judgment was entered showing the determination of the court upon the merits, nor was there any formal order directing the peremptory writ to issue. The court, however, did issue a peremptory writ in accordance with its findings. After the service of this writ, the appellants moved to quash it, on the ground that no final judgment or order had ever been made or entered authorizing or directing its issuance, or adjudging the respondents entitled to the writ. On a hearing, the court entered an order overruling and denying the motion. The city appeals.

Two principal contentions are made by the appellant, namely: (1) that the peremptory writ was prematurely issued; and (2) that the respondents are not entitled to a warrant on the city's current expense fund.

The first contention we think is well taken. In this state a proceeding in mandamus,

" . . . is a judicial investigation, the object of which is the determination of civil rights, the same as any ordinary proceeding; not only the determination of rights, but their determination in such a way as to culminate in an effective judgment." *State ex rel. Race v. Cranney*, 30 Wash. 594, 71 Pac. 50.

"In our practice, mandamus is nothing more than one of the forms of procedure provided for the enforcement of rights and the redress of wrongs. The procedure has in it all the elements of a civil action. The facts stated in the affidavit for the writ may be controverted by a return, raising both questions of law and fact. The return likewise may be controverted, and a trial had on the issues of fact thus raised, either before the court, a jury, or a referee, as the court may order. Judgment can be entered on the verdict or findings not only directing the issuance of a peremptory mandate, but for damages and costs on which execution may issue. The statute has been so framed as to afford complete relief in all cases falling within its scope and purport, whether these be cases of wilful violation of recognized rights, or denials, made

in good faith, that the rights contended for exist." *State ex rel. Brown v. McQuade*, 36 Wash. 579, 79 Pac. 207.

Moreover, the proceeding is a proceeding in court, as contradistinguished from a proceeding before the judge at chambers, and it is so framed that an issue of fact therein may be tried by a jury, and a money judgment for damages awarded as a part of the relief. The statute also provides that if "judgment be given for the applicant he may recover the damages which he has sustained, . . . and a peremptory mandate must also be awarded without delay;" thus clearly making a distinction between the judgment and the peremptory writ. The rule is laid down in 26 Cyc. 483, in the following language:

"The judgment in mandamus proceedings is distinct from the final or peremptory writ which is issued in pursuance of the judgment for the relator. The writ recites the facts showing why it should issue, the judgment directing it, the command of the acts to be performed, and a provision for return. The judgment shows the determination of the court on the merits, directs or denies the writ, and awards the damages and costs, if any.

"At common law the peremptory writ was regarded as the final determination of the rights of the parties, and no formal judgment seems to have been required upon which to base the writ. This practice is held applicable in some states to peremptory writs issued by a judge as such; but, when the proceedings are before the court, statutes generally have made a material change in the common law practice, and before the peremptory writ can properly issue, a formal judgment must be entered as a basis therefor."

See, also, *State ex rel. McGregor v. Young*, 6 S. D. 406, 61 N. W. 165.

It must follow, we think, that before a peremptory writ of mandamus can properly issue, a formal judgment authorizing it must be entered determining the nature and extent of the relief granted.

In this connection the respondents argue that if a formal judgment is required in this proceeding and none has been

entered, this appeal will not lie for want of a final judgment from which to appeal. But the appellants moved to quash the peremptory writ and their motion was overruled by a formal order entered in the cause. An appeal lies from this order under the sixth subdivision of the statute relating to appeals, Rem. & Bal. Code, § 1716, which allows an appeal from any order affecting a substantial right in a civil action or proceeding which in effect determines the action or proceeding. The order quashing the writ determined the proceeding in so far as the appellants were concerned, and if appeal is denied them, their only remedy to procure a review of the order is by an independent action to enjoin the enforcement of the writ. It is not the policy of the law to drive a litigant through such a circuitous route, when the same result may be accomplished by a direct proceeding.

Passing to the second contention presented, we are clear that the respondents were not obligated to take a warrant for the judgment on the indebtedness fund of the city. As between its indebtedness fund and its current expense fund, the latter is the only fund on which the warrant could be lawfully drawn. This we held in effect in the case of *Townsend Gas & Elec. Light Co. v. Hill*, 24 Wash. 469, 64 Pac. 778. But this question is material now only because it is necessary to show that the appellants did not satisfy respondents' judgment by issuing and tendering to them a warrant on the city's indebtedness fund. Since this appeal was taken the legislature has provided a new and distinct method of collecting judgments for personal injuries against cities of the second, third and fourth classes. Laws 1909, page 423 (Rem. & Bal. Code, §§ 7999-8004). It has authorized such cities to create an accident fund, and directs that when a judgment for personal injuries has been obtained against any such city, and such judgment has been duly certified to the city clerk as provided by existing laws, the clerk shall draw warrants on this fund in the full amount of the judgment. This method of paying judgments is made

exclusive by the statute, and since it affects the remedy only, it is applicable to existing judgments for which no warrants were drawn at the time it became operative as a law. It follows, therefore, that the respondents' judgment must be paid by warrants drawn upon the accident fund of the city of Snohomish, rather than upon its current expense fund.

The order appealed from will be reversed, and the cause remanded with instructions to quash the peremptory writ of mandate, and to proceed further with the mandamus proceeding in accordance with this opinion, allowing the respondents to amend their application for the writ of mandate if they so desire.

RUDKIN, C. J., CHADWICK, GOSE, and MORRIS, JJ., concur.