RAFAEL TIRADO-VERRIER, Plaintiff and Appellant, *v.* RETIREMENT PENSION BOARD, Defendant and Appellee.

No. 4109.  Argued May 20, 1927, and February 7, 1928.—Decided December 24, 1928.

*Luis Tirado Géigel* for the appellant.  *Attorney General James R. Beverley, J. A. López Acosta, R. A. Gómez* and *F. Janer* for the appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

The appellant, Rafael Tirado Verrier, presented to the District Court of San Juan a petition for a writ of mandamus against the Pension Board created by the Retirement Act of 1925 and alleged that on February 1, 1926, he was Registrar of Property of San Juan, First Division, and as such

was a member of the unclassified Civil Service of the Insular Government and included in Act No. 104 of 1925, having rendered official services in different offices in Porto Rico since June 10, 1901; that on February 1, 1926, he applied for his voluntary retirement under section 8 of Act No. 104 of 1925 because he had served for more than 20 years, that on May 14, 1926, the Pension Board to which he applied denied his application for retirement; that he moved for a reconsideration and his motion was overruled; that on February 1, 1926, the appellant was Registrar of Property of San Juan, First Division, from which office he was removed on the 4th of the same month; that in accordance with the Act cited he has a right to the retirement pension applied for, and that the defendant board has no authority to take into consideration the fact that the plaintiff was removed from his office nor to make that fact a restrictive condition of the right to retirement and pension. He asked for a conditional writ and it was issued. The defendant was represented specially by the Attorney General, the Assistant Attorney General and the Deputy Attorney General who alleged that the petition for mandamus did not adduce facts sufficient and that the remedy sought did not lie because discretional powers of the Board were involved.

The District Court of San Juan rendered judgment on October 21, 1926, dismissing the petition and this appeal was taken from that judgment.

Seven errors have been assigned by appellant Rafael Tirado Verrier.

The first assignment reads as follows:

"In dismissing the petition for mandamus on the ground that the plaintiff was not an officer of the Insular Government on the date when the defendant Board had under consideration for final action the plaintiff's application for retirement."

The second assignment, which is argued with the first, is as follows:

"In holding that the plaintiff-appellant ceased to be protected by Act No. 104 of 1925 on being removed."

In the opinion accompanying the judgment in this case the judge construes the Retirement Act and holds that it refers to officers or employees of the Insular Government. From that standpoint he holds that the petitioner "is not at present an employee of the Insular Government, he having been separated involuntarily from his office, that is, removed." He holds also that he was not such officer when the Pension Board had under consideration for final action the plaintiff's application for retirement.

We believe that the district judge erred in so holding and the judgment based thereon is necessarily erroneous.

Section 1 of the cited Act designates clearly the officers and employees to which the Act refers as follows:

"This Act shall cover all officials and employees of the classified and unclassified civil service of the Insular Government of Porto Rico with the exception of the Judges of the Supreme Court, professors of the University of Porto Rico, public-school teachers, members of the Insular Police and municipal employees."

The appellant, Rafael Tirado Verrier, is not found among those excepted by that section of the Act and on February 1, 1926, he was an official of the Insular Government of Porto Rico and therefore was covered by the section cited. He is included also in the first part of section 9 of that Act, which reads as follows:

"If an officer or employee of forty or more years of age, to whom this Act is applicable, after having served for a total period of not less than fifteen years . . . ."

In order to fill the majority of the offices which he held Rafael Tirado Verrier had to be an attorney admitted to practice the profession in Porto Rico for which the law in force requires, among other things, that he must be more

than 21 years of age. It appears from his application that he had been in office for about 26 years; therefore, his age when he made the application was not less than 46 or 47 years.

Let us examine also section 8 of the Act relied on by the petitioner. It is as follows:

"Any officer or employee in the service to whom this Act is applicable and who shall have rendered at least twenty years of service computed in accordance with section 2 of this Act, shall be entitled to retirement on an annual life pension equal to two (2) per cent of his average basic annual salary or compensation during his last seven years of computable service, multiplied by his number of years of service."

There can be no doubt of the creation of the right to a pension. This is not a case of a pension that may be granted or refused discretionally by a certain board or authority. It is a right created by the law under certain conditions and with respect to which the Pension Board has no discretionary power whatever. Either the conditions required by the law are not present and the Board can not grant or fix the pension, or they are present and the Board has no other mission than to comply with the statutory mandate and compute the amount of the pension in accordance with the provisions governing the matter. The statutory mandate displaces all discretion in this case.

The reasoning of the trial judge is not convincing. He holds that one who is not an employee or an official has no right to a pension. From this he deduces that the petitioner was not an employee or official when the Pension Board met and the Board had no authority to approve the pension. It is not logical to impose upon the petitioner the consequences of delay incurred by the Board in holding its meetings. It would be just for him to suffer the consequences of his own acts, but not those of others.

But apart from the fact that that viewpoint is not logical, it is not legal.

The Retirement Act is clear in that respect. Let us see how.

There is a proviso in section 3 of the Act which reads as follows:

*Provided,* That persons not in active service *at the time of their application for a pension* shall have no right thereto." (Italics ours.)

The fact of being in active service is important because it determines the right to a pension. But in active service when? At the time of the meeting of the Board to decide on the application, as thought by the trial judge? No. The Act clearly reads, "at the time of their application for a pension."

If when the appellant applied for his pension on February 1, 1926, he was in active service and came under the other conditions of the Act, it is evident that he is not reached by the exception of the proviso of section 3. The date on which the employee or officer acts by making his application and not the date of action of the Board in granting or denying it, is the time which should govern.

The lower court committed the errors assigned by the appellant under numbers 1 and 2.

We agree with the reasoning of the appellant in his third assignment of error, that is, the improper application of the legal doctrine in the case of *Tuck* v. *French,* 15 N. E. 188.

In order to apply the jurisprudence of any state it is prudent to ascertain whether the statute which is applied or construed by that jurisprudence is the same or similar to that under consideration. Nothing in the opinion reveals such identity or similarly. We find in the case of *People ex rel. Tuck* v. *French et al.* certain aspects which deserve mention. It is said in the opinion that Matthew Tuck had failed in his duties as a policeman and merited punishment, "and for the conceded purpose of evading trial and punishment he filed an application to be retired with a pension, alleging his service of more than 20 years."

It appears that the commission which acted in the case of Tuck had authority to discharge policemen and to decide as to pensions, or to transfer the names of members of the police force from active service to the pension list. Tuck challenged the jurisdiction of that commission to try him and alleged at the trial that he was not a member of the police force.

We do not see that the case is so similar to the one under consideration as to allow application of what was held there.

The fourth assignment of error refers to the holding of the lower court that section 9 of Act No. 104 annuls the right of the appellant to retirement.

That section reads as follows:

"If an officer or employee of forty or more years of age, to whom this Act is applicable, after having served for a total period of not less than fifteen years and before he is entitled to retire, is involuntarily separated from the service for any reason except removal from the classified or unclassified Civil Service, such officer or employee shall be entitled to an annual life pension equal to two (2) per cent of his average basic annual salary or compensation during the last seven years of computable service, multiplied by the number of years of service. If an officer or employee receiving a pension under the provisions of this section returns to active service, his pension shall cease and he shall again contribute to the retirement fund of the officers and employees of the Civil Service in the same manner and in the same proportion as he contributed prior to his separation from the service. At the time of his subsequent retirement, he shall be credited with such services as he rendered prior to his separation from the Government and the service rendered after having returned to the active service."

Has this section 9 the effect of destroying what was created by section 8 of the same Act? We think not.

Section 9 refers to officers and employees who *before being entitled to retire* are separated from the service for any reason except removal, and the separation referred to is involuntary. The provisions of the Act in this section apply to cases dissimilar to that of the appellant. He had applied

for voluntary retirement when he had a right to such retirement.

Section 8 is perfectly clear as regards the right to retirement as submitted under the fifth assignment and that that error is properly assigned can be seen from the said section. The employee or officer who has rendered services for twenty years and is not included in the exceptions prescribed by the statute has a right to retirement. It is not a concession, a gift or a favor that may or may not be granted. It is a legal right created by the law.

Indeed, the determination of the foregoing assignments of error carries with it that of the sixth assignment which read as follows:

· "In disregarding in its decision the essential provisions of Act No. 104 of 1925."

The seventh assignment is as follows:

"In refusing the writ of mandamus, if it was done by sustaining the exception that the appeal did not lie because the defendant Board has discretional authority in regard to the granting of pensions."

The dubitative form adopted in this assignment as revealed by the words "if it was done" is justified, to a certain extent, by the demurrer of the defendant and by its insistence in relying on that legal proposition. As to the opinion and judgment of the district judge, it seems that the propriety or impropriety of the writ of mandamus as regards the discretional authority was disregarded by the judge. The following is stated in the opinion:

· ."The controversy in this case rests on the construction to be given to sections eight and nine of the Retirement Act of September 2, 1925."

Hence the opinion is based on the construction of those two sections. But the parties have made an issue of this point of the discretional authority and it is well to dispose of it.

From what has been said in this opinion it appears clearly

to be our idea that, given the precision and definiteness of the provisions of the Retirement Act, the Board did not act, as regards the petition for retirement and pension, as that of this case, with any discretional authority, but that its action is governed by mandatory legal precepts. But even if it had had discretional authority, it would be necessary to decide whether or not it falls under the intervention of the courts.

In our system the courts have discretional powers enabling them to act, within their province, in a more effective way and more in conformity with the purposes of justice than would be the case under the strict rules of a statute. Those powers have always merited respect in cases in which they have been abused or stretched, making the restriction thereof necessary. But now and then boards, committees and other administrative bodies have also similar powers. Hence the difference between judicial and administrative discretion. It has been the rule to respect such discretion; but this does not apply except when it is so declared by law or jurisprudence.

Our Act to establish the writ of mandamus of March 12, 1903 (sections 1328 to 1342 of the Compilation of 1911) has defined the writ of mandamus as follows:

"Mandamus is a high prerogative writ issuing out of the supreme court or district courts of Porto Rico, in the name of The People of Porto Rico, directed to any natural person, persons, company or corporation or inferior court of judicature within its jurisdiction requiring them to do some particular act therein specified and which appertains to their office or duty. It confers no new authority and the party to be coerced must have the power to perform the act."

"The writ of mandamus may be issued by the Supreme Court or the district courts, or any justice or judge thereof, during the term or at chambers, to any inferior tribunal, corporation, board or person to compel the performance of any act which the law specially enjoins as a duty resulting from an office, trust or station, but though it may require an inferior tribunal, or any judge thereof, to exercise this judgment, or proceed to the discharge of any of its functions, it can not control judicial discretion."

As may be observed, although the statute could generally except or exclude the discretion whether of courts or judges or persons or corporations, the only exception made therein is as regards *judicial discretion,* that of *inferior tribunals* and *any judge thereof.* The legislature meant expressly to make that exception and it was so stated in the statute. If it had meant to exempt from intervention the discretional powers of any other entity it would have said so.

We find in the jurisprudence of the State of Washington the case of *State ex rel. Gillette* v. *Clausen,* 87 Pac. 498, which has been pointed out as distinct and special (see 38 Corpus Juris, 504, note to paragraph 71), wherein the doctrine is stated as follows:

"A mandamus proceeding against an officer under the statute possesses all the elements of a civil action, and it is therefore immaterial whether the duty sought to be enforced is ministerial, or one as to which the officer is required to exercise judgment and discretion."

In the opinion cited in this case is reproduced the juridical doctrine of *Brown* v. *McQuade,* 36 Wash. 579, 79 Pac. 207, wherein it is held that under the practice of that State mandamus is nothing more than one of the forms of procedure created for the enforcement of rights and the redress of wrongs and has in it all the elements of a civil action.

If the Porto Rican statute has not deprived the courts of intervention as to persons or corporate entities, even in cases wherein they exercise discretional powers, having only made reservation as regards judicial discretion, we can not extend reservation and restriction beyond the express provisions of the statute. The construction of statutes of a clear and implicit restrictive character must be strict and restricted.

In this sense error was committed by the lower court if it meant to sustain the demurrer.

The judgment appealed from must be reversed and substituted by another granting the petitions for mandamus.

Chief Justice Del Toro and Associate Justice Hutchison dissented.