[No. 26061. Department Two. March 30, 1936.]

THE STATE OF WASHINGTON, *on the Relation of Robert L. Nesbitt et al., Respondents,* v. C. C. BAUGHMAN, *as Auditor of Whatcom County, Appellant.*[1]

[1]Reported in 56 P. (2d) 155.

*H. W. Covalt* and *Bixby & Neal,* for appellant.

*Lester Whitmore* and *Griswold, Hamilton & Johnson,* for respondents.

BEALS, J.—During the month of September, 1935, certain residents of Whatcom county, being lawful voters therein, filed with defendant, C. C. Baughman, as auditor of Whatcom county, written charges against Jacob S. Smith and J. W. Austin, regularly elected, qualified and acting county commissioners of Whatcom county. The county auditor having refused to formulate ballot synopses of the charges, the plaintiffs herein instituted this action, praying for a writ of mandate requiring Mr. Baughman, as county auditor, to formulate ballot synopses of the charges and proceed in accordance with Rem. Rev. Stat., § 5352 [P. C. § 2307], and other sections applicable to proceedings instituted for the recall and discharge of elective public officers. Plaintiffs in their complaint stated two causes of action, one setting forth the charges against commissioner Jacob S. Smith, the other the charges against commissioner J. W. Austin.

The defendant demurred to the several paragraphs of the petition for the writ of mandate, and severally moved to strike the paragraphs containing the charges against the commissioners. The trial court held good two of the charges filed against commissioner Smith and three of the charges against commissioner Austin, and signed a writ of mandate commanding the county auditor to formulate separate ballot synopses upon the charges.

In the writ which the trial court signed, which was entitled "Peremptory Writ of Mandate," the preliminary steps which had been taken in the proceeding were recited, followed by the direction to defendant to formulate the ballot synopses. It nowhere appears

that defendant elected to stand upon his demurrers or motions to strike. Neither findings of fact nor conclusions of law were entered, but defendant was "ordered, directed and commanded" to proceed as above set forth. From this writ, C. C. Baughman, as auditor of Whatcom county, has appealed to this court.

The statutory law of this state controlling the issuance of a writ of mandate is found in Rem. Rev. Stat., § 1013 [P. C. § 8186], *et seq.* By § 1017 [P. C. § 8191], it is provided, *inter alia,* that "the writ cannot be granted by default. The case must be heard by the court, whether the adverse party appear or not." As an action for mandamus is, under our code, simply a civil action at law (*State ex rel. Race v. Cranney,* 30 Wash. 594, 71 Pac. 50; *State ex rel. Brown v. McQuade,* 36 Wash. 579, 79 Pac. 207; *State ex rel. Hunt v. Okanogan County,* 153 Wash. 399, 280 Pac. 31, 67 A. L. R. 668), clearly, before the action can be finally determined, evidence must be taken from which findings of fact and conclusions of law may be entered.

In the case at bar, there appears in the transcript (no statement of facts being before us) simply a peremptory writ of mandate, signed by the judge, which recites that the matter came on to be heard upon the application of the respondents for the writ, the appearance of the respective parties in court by their counsel, the prior issuance of the alternative writ, the ruling of the court upon the demurrers and motions to strike, all followed by a peremptory writ of mandate directed to appellant. As above stated, appellant has appealed from the writ.

The record discloses no appealable order or judgment, and this court has no jurisdiction to determine any of the questions which have been argued by counsel for the respective parties. A proceeding in which is sought a writ of mandate, like any other civil action,

must be terminated by a judgment. This judgment, if in favor of the plaintiff, should direct that the writ issue, and from such a judgment an appeal may be taken.

In the case of *State ex rel. Billings v. Lamprey,* 57 Wash. 84, 106 Pac. 501, a very similar situation was presented. In the case cited, it appeared that the plaintiffs sought a writ of mandate directed to the mayor and other officers of the city of Snohomish. Findings of fact and conclusions of law were entered in plaintiffs' favor, whereupon, without the entry of a formal judgment or order directing that the writ issue, a peremptory writ was signed. The defendants, having unsuccessfully moved to quash the writ upon the ground that no final judgment had been entered, upon entry of an order denying their motion, appealed to this court. After quoting prior decisions of this court to the effect that mandamus is, in effect, merely a civil action, this court said:

"Moreover, the proceeding is a proceeding in court, as contradistinguished from a proceeding before the judge at chambers, and it is so framed that an issue of fact therein may be tried by a jury, and a money judgment for damages awarded as a part of the relief. The statute also provides that if 'judgment be given for the applicant he may recover the damages which he has sustained, . . . and a peremptory mandate must also be awarded without delay;' thus clearly making a distinction between the judgment and the peremptory writ. . . .

"It must follow, we think, that before a peremptory writ of mandamus can properly issue, a formal judgment authorizing it must be entered determining the nature and extent of the relief granted."

It was properly held that an appeal would lie from the order of the superior court refusing to quash the

writ, which order was reversed and the cause remanded for further proceedings.

That the entry of a formal judgment in a mandamus proceeding is necessary, cannot be doubted. Our statutes clearly require such a procedure. The rule is well stated in 38 C. J., title "Mandamus," p. 924:

"§ 692. The judgment in mandamus proceedings is distinct from the final or peremptory writ which is issued in pursuance of the judgment for the relator. The writ recites the facts showing why it should issue, the judgment directing it, the command of the acts to be performed, and a provision for return. The judgment shows the determination of the court on the merits, directs or denies the writ, and awards the damages and costs, if any.

"§ 693. At common law the peremptory writ was regarded as the final determination of the rights of the parties, and no formal judgment seems to have been required upon which to base the writ. This practice is held applicable in some states to peremptory writs issued by a judge as such; but, when the proceedings are before the court, statutes generally have made a material change in the common-law practice, and before the peremptory writ can properly issue, a formal judgment must be entered as a basis therefor."

These sections were cited with approval from volume 26 Cyc., in the case of *State ex rel. Billings v. Lamprey, supra.*

In the case at bar, no motion to dismiss the appeal has been made, and the parties join in requesting that the case be decided upon the merits. Unfortunately, the record before us discloses absolutely nothing upon which this court can acquire jurisdiction to decide anything. Jurisdiction cannot be stipulated, and upon a record which is wholly insufficient to vest this court with jurisdiction, discussion of the merits would be an idle gesture.

This court must dismiss the appeal; there is

nothing before us. The case is still pending before the superior court. Further proceedings may be had, the writ which was improvidently issued may be quashed, evidence introduced, and the nature of the judgment which will be entered cannot be inferred. If we should pass on the merits, nothing would be determined. Appellant could not be forced to obey the writ which was inadvertently issued, being not based upon any judgment, but could further contest the action before the superior court and again appeal, should judgment be entered against him.

No such emergency here appears as might justify a court in expressing an opinion on a question not actually before it. Upon the entry of a proper judgment based upon findings of fact and conclusions of law, any party deeming himself aggrieved thereby may appeal therefrom and present to this court such questions as he deems proper.

Appeal dismissed.

MILLARD, C. J., BLAKE, MAIN, and HOLCOMB, JJ., concur.