[No. 30777. Department One. May 2, 1949.]

THE STATE OF WASHINGTON, on the Relation of Ralph Amende, Respondent, v. THE CITY OF BREMERTON et al., Appellants.[1]

*Oluf Johnsen* and *Merrill Wallace*, for appellant.

*Ralph Purvis* and *James B. Sanchez*, for respondent.

BEALS, J.—This proceeding was instituted before the superior court, by way of an application for a writ of mandate, under the title "THE STATE OF WASHINGTON, on the Relation of Ralph Amende, Relator, vs. THE CITY OF BREMERTON and JOHN DOE NUTTER, City Treasurer, Defendants." Relator sought a writ of mandate, directed to the defendants, re-

[1] Reported in 205 P. (2d) 1212.

quiring them to pay into local improvement district No. 42, of defendant city, certain sums which relator alleged he was entitled to receive as owner of local improvement district bonds issued by the city of Charleston, which, it was stated in relator's affidavit filed in support of his application for the writ, was subsequently merged with defendant, the city of Bremerton.

An alternative writ of mandamus having been issued, defendants filed a demurrer to the relator's affidavit filed in support of his application for the writ, based upon four grounds, two of which were, first, that the affidavit failed to state facts sufficient to constitute a cause of action, and, second, that the proceeding had not been commenced within the time limited by law. The transcript does not disclose that this demurrer was ever ruled upon by the superior court.

The transcript contains an amended return, filed by defendants, alleging facts which the trial court evidently assumed amounted to a denial of any right on the part of relator to the relief which he asked. For reasons which will later appear, we express no opinion upon the sufficiency of the allegations in defendants' return, nor as to those contained in relator's affidavit.

The proceeding came on regularly for trial before the superior court, evidence was taken, which is before us by way of a statement of facts, the trial resulting in findings of fact in favor of the relator, and the court then entering conclusions of law to the effect that relator was entitled to a writ of mandate in accordance with his affidavit filed in support of his application for the alternative writ. No judgment appears in the transcript, but, on the same day that the findings and conclusions were entered, the superior court signed a peremptory writ of mandate in accordance with the conclusions of law.

The transcript discloses a motion for a new trial, made by defendants, but contains nothing which shows that this motion was ever passed upon by the court. The transcript then contains a notice of appeal by defendants from "each and every part of that certain judgment and writ of man-

date and findings of fact and conclusions of law made and entered herein by the court on the 1st day of June 1948," which continues with a further description of the writ.

In their brief, appellants make four assignments of error, three of them based upon findings made by the court, without identifying the particular findings containing the matter upon which appellants assign error, and the other assignment reading as follows:

"The court erred in holding that the relator had sufficient interest in the outcome to bring this action and in directing the defendants to ·pay any sums whatever from District No. 42 to the relators."

■ Pursuant to the statutes of this state, an application for a writ of mandate "has in it all the elements of a civil action." *State ex rel. Brown v. McQuade*, 36 Wash. 579, 79 Pac. 207.

If issues of fact are raised, they may be tried before the court or a jury, and an appropriate judgment may be entered upon the verdict or findings.

In the case of *State ex rel. Race v. Cranney*, 30 Wash. 594, 71 Pac. 50, this court defined a proceeding in mandamus as

". . . a judicial investigation, the object of which is the determination of civil rights, the same as in any ordinary proceeding; not only the determination of rights, but their determination in such a way as to culminate in an effective judgment."

■ In the case of *State ex rel. Billings v. Lamprey*, 57 Wash. 84, 106 Pac. 501, this court said:

"It must follow, we think, that before a peremptory writ of mandamus can properly issue, a formal judgment authorizing it must be entered determining the nature and extent of the relief granted."

In the case last cited, it appeared that, on the trial, the court had entered findings of fact and conclusions of law, followed, as here, by the issuance of a peremptory writ in accordance with the findings, no formal judgment having been entered directing that the writ issue. It further appeared that, after the entry of the writ, the defendant moved to quash the same, his motion having been overruled

by a written order. On appeal, this court reviewed the order refusing to quash the writ and reversed the same.

In the case of *State ex rel. Nesbitt v. Baughman,* 185 Wash. 514, 56 P. (2d) 155, the defendant in the action appealed to this court from a peremptory writ of mandate entered by the superior court after a trial. We held that the record before this court showed no appealable order or judgment, the opinion stating:

"A proceeding in which is sought a writ of mandate, like any other civil action, must be terminated by a judgment. This judgment, if in favor of the plaintiff, should direct that the writ issue, and from such a judgment an appeal may be taken."

The opinion refers to the case of *State ex rel. Billings v. Lamprey, supra,* the court holding that, even though no motion to dismiss the appeal had been made, the appeal must be dismissed, as there was nothing before this court, the case being still pending before the superior court. The appeal was, accordingly, dismissed.

Concerning this question, the following text from 55 C. J. S. 632, § 364, is in point:

"A judgment awarding or refusing a peremptory writ of mandamus is final and subject to review, and so also is an order setting aside the service of an alternative writ where it puts an end to the action. A peremptory writ of mandamus is regarded at common law as the final determination of the rights of the parties, but it is necessary to enter a formal judgment before the case may be reviewed by an appellate court; and in most jurisdictions, under the statutes, a formal judgment must be rendered as the basis for the peremptory writ before it can issue, and no appeal will lie from a writ as such. In some jurisdictions, however, where the relator may demur to the return, the award is a formal judgment, and a writ of error or appeal will lie."

While, as above stated, the appeal must be dismissed, in view of the fact that the case is still pending before the superior court, it seems appropriate to suggest that the decisions of this court in the cases of *Quaker City Nat. Bank of Philadelphia v. Tacoma,* 27 Wash. 259, 67 Pac. 710; *Jurey v. Seattle,* 50 Wash. 272, 97 Pac. 107; *Perkins v. South Bend,*

133 Wash. 349, 233 Pac. 655; and *State ex rel. Rand v. Seattle*, 13 Wn. (2d) 107, 124 P. (2d) 207, may have some bearing upon questions inhering in this litigation.

In making this observation, we do not express any opinion whatsoever on the question suggested.

The appeal is dismissed.

■ In view of the fact that respondent bears responsibility for the defective record before us, no costs on the dismissal of the appeal will be allowed.

JEFFERS, C. J., STEINERT, MALLERY, and HILL, JJ., concur.