## H. L. BROWN v. R. C. JEFFRIES.

1. ELECTION — *Returns* — *Duty of Canvassing Board.* Where the returns of an election are regular in form, and genuine, a canvassing board may not reject and refuse to canvass them on the ground that illegal votes had been received, or other frauds or irregularities practiced at the election. (*Lewis v. Marshall Co.*, 16 Kas. 102.)

2. ———— *Burden of Proof.* Upon the trial of an original proceeding of *quo warranto* in the supreme court, the party on whom rests the burden of the issues must first produce his evidence.

3. QUO WARRANTO — *Pleadings* — *Judgment for Plaintiff.* Where a defendant, in an action of *quo warranto* against him, admits in his answer that upon the face of the election returns the plaintiff was elected to the office in dispute, but alleges that the returns should not control, because plaintiff obtained his election by fraud and illegal votes, yet, if the defendant, having by the pleadings the burden of the issue, fails to produce any testimony supporting his answer, judgment will be rendered for the plaintiff upon the pleadings.

*Original Proceeding in Quo Warranto.*

THE opinion, filed at the session of the court in December, 1889, states the case.

*Edwin A. Austin,* for plaintiff.

*D. Rathbone, Samuel Jones,* and *Hargrave & McCormick,* for defendant.

The opinion of the court was delivered by

HORTON, C. J.: This is an action in the nature of *quo warranto,* brought originally in this court by H. L. Brown against R. C. Jeffries, to oust the defendant from the office of county commissioner of the first district of Rush county. The petition alleges, among other things, that on the 8th day of November, 1887 — that being the regular time for the election of a member of the board of county commissioners of Rush county for the first district — the plaintiff and the defendant were candidates for that office; that at said election in the district the plaintiff received 308 legal votes for the office of

commissioner, and that the defendant received 303 only; that no other person was voted for at the election for the office; that plaintiff received a majority of all of the legal votes for the office, and that the returns of the election were made according to law; that on the 11th day of November, 1887, they were duly canvassed by the board of county canvassers of Rush county, and that upon the face of the returns the plaintiff was duly elected to the office as county commissioner of the first district of the county.

The petition further alleges that the plaintiff at the date of the election was a voter, resident, and tax-payer of said first district of Rush county, and in all respects eligible to the office to which he was elected; that after the returns of the election had been canvassed, the plaintiff duly qualified in the manner prescribed by law, and had his bond properly approved; that subsequently he demanded the office of R. C. Jeffries, the defendant, and has also demanded the office of the board of county commissioners of said Rush county; that the defendant refused and continues to refuse to surrender to the plaintiff the possession of the office in which he has unlawfully and improperly intruded himself.

The answer of the defendant admits that the plaintiff, according to the returns of the election, received a majority of all the votes cast for the office of county commissioner of Rush county for the first district, and that subsequent to the canvass of the votes he qualified as such officer and demanded possession of the office. The answer further alleges that 230 votes cast for the plaintiff at the election were illegal, and should not be counted; that the election board of Center township in the district formed a conspiracy to defeat a fair expression of the popular will, and refused to perform their official duties as members of the election board; that the persons who acted as the members of the election board for Center township knowingly received illegal votes and counted a large number of duplicate votes for the plaintiff; that the plaintiff was present when the returns were canvassed by the board of county canvassers; that he admitted the frauds committed at

the election in his interest, and acquiesced in the action of the canvassing board in declaring the defendant elected as county commissioner from the first district of said Rush county; that he, in the presence of the canvassing board at said time, refused to accept the office of commissioner, and then and there voluntarily waived all his right to the same; that subsequently the defendant qualified and took possession of the office and is now discharging his official duties as a member of the board of county commissioners of the county of Rush.

Since the answer of the defendant was filed, no attention whatever seems to have been paid to the interests of the defendant. When the case was called for trial, the attorneys for the defendant failed to appear and no testimony was on file sustaining the allegations of the answer, nor has any testimony ever been presented to this court supporting or tending to support the allegations of the answer as to the illegal votes and frauds in the election of November 8th. Under the admissions of the answer to the effect that upon the face of the returns of the election of the 8th of November, 1887, the plaintiff received the majority of all the votes cast for the office of county commissioner of the first district of Rush county, and the other concessions in the answer, the plaintiff is entitled to the office claimed by him, unless the allegations of the answer avoiding such election for fraud or illegal votes be sustained by testimony. In election contests, the face of the returns controls, unless for good and sufficient reasons the returns are set aside, or illegal votes are shown to have been cast for the person claiming his election under the returns. The duty of the canvassers is mainly ministerial, in counting the votes returned and making a statement of the result. (*Steele v. Martin*, 6 Kas. 439.)

"Where returns are regular in form and genuine, a canvassing board may not reject and refuse to canvass them on the ground that illegal votes had been received, or other frauds or irregularities practiced at the election. Such matters are to be inquired into by a tribunal for contesting elections, or in *quo warranto* proceedings. It is a common error for a can-

vassing board to overestimate its powers. Whenever it is suggested that illegal votes have been received, or that there were other fraudulent conduct and practices at the election, it is apt to imagine that it is its duty to inquire into these alleged frauds, and decide upon the legality of the votes. But this is a mistake. Its duty is almost wholly ministerial. It is to take the returns as made to them from the different voting precincts, add them up, and declare the result. Questions of illegal voting and fraudulent practices are to be passed upon by another tribunal." (*Lewis v. Marshall Co.*, 16 Kas. 102.)

When the returns of the election for the office of county commissioner from the first district of Rush county were canvassed, the board should have taken the returns made from the different voting precincts of the district, added them up, and then declared the result. This would have given the certificate to the plaintiff. If there were any questions of illegal voting or frauds in that election, the board of canvassers ought not to have passed upon or determined that matter. Such things are to be passed upon in another way and by another tribunal. If, however, the allegations of the answer had been established upon the trial, we would have declared that the defendant and not the plaintiff was legally entitled to the office. Under the issues made up in this case the burden rested upon the defendant, and he is the party who ought first to have introduced his testimony. (Civil Code, § 275.)

For some reason or other there has been negligence on the part of the defendant or his counsel, as no testimony has been filed or produced to support the allegations of the answer. We are therefore compelled to declare the plaintiff entitled to the office which he claims, and judgment of ouster against the defendant will be rendered accordingly.

All the Justices concurring.