[No. 1853.   Decided July 26, 1895.]

THE STATE OF WASHINGTON *on the Relation of Joseph
King et al., Respondents*, v. E. TRIMBELL *et al., Appel-
lants*.

MANDAMUS — ALIAS WRIT — SUMMONING JURY — WHEN ERROR HARM-
  LESS — MUNICIPAL ELECTIONS — POWERS AND DUTIES OF COUNCIL
  AS CANVASSING BOARD.

Where an alternative writ of mandate has been quashed, a sec-
ond writ may rightfully issue in the original proceeding, if the de-
fendants are served anew with the second, or alias, writ.

*Semble*, That under our statute it is unnecessary in an alternative
writ of mandate to recite any of the facts relied upon by the plaintiff,
if the affidavit upon which it is founded is referred to therein and
served therewith.

Where the defendant in mandamus proceedings demands a jury,
the court is warranted in issuing a special venire, as the proceeding
is a summary one and the court cannot be compelled to wait for the
regular panel before proceeding with the trial.

Although error may be committed in the calling of a jury, it is not prejudicial, when the verdict rendered by them is one directed by the court.

A common council, sitting as a board for the canvassing of election returns of members elected to their body, is bound by the face of the returns, and cannot go behind the returns and inspect the ballots in order to determine the result.

The fact that a certificate of election has been issued to other than the persons entitled thereto will not relieve the canvassing board from the duty of making a proper canvass and issuing the necessary certificates, and mandamus will lie to enforce this duty.

The power to judge of the election and qualification of members of the common council is confined to the new council to which they are elected, and the old council has no other power than to issue certificates upon the face of the returns.

*Appeal from Superior Court, Whatcom County.*

*Black & Leaming,* for appellants.

*Bruce, Brown & Cleveland,* and *Newman & Howard,* for respondents.

The opinion of the court was delivered by

Hoyt, C. J.—By this proceeding it was sought to compel the defendants, the common council of the town of Sumas, to canvass the returns of the election held on December 4, 1894, as returned to them by the officers of election, and from the face of such returns ascertain and declare the persons elected and issue to them certificates of such election. The result was a judgment substantially as prayed for by the plaintiffs, to reverse which the defendants have prosecuted this appeal.

The first assignments of error which we shall notice were founded upon alleged irregularities in the proceedings which led up to the trial of the cause upon the merits. The first alternative writ of mandate was quashed upon motion of the defendants, who appeared specially for the purpose of making such motion.

Thereupon, upon motion of plaintiffs, an amended or *alias* alternative writ was issued, and it is contended that the issue of this second writ was unauthorized, for the reason that the suit was terminated by the quashing of the first one.

It is no doubt true that the quashing of the first writ so far terminated the proceeding that the defendants would not have been bound by anything further that might have been done therein without having been again served with process. But the service upon them of the amended or *alias* writ was such process, and by such service they were brought into the case as fully as they would have been, had this second writ been the original one. One of the objects of the service of the alternative writ of mandate was to give the court jurisdiction of the persons of the defendants, and if the first writ for any reason failed to confer such jurisdiction, and was for that reason quashed, the situation of the parties to the action and of the court to the parties would be substantially the same as though no alternative writ had issued. This being so, the second alternative writ which was served upon the defendants was of the same force as though it had not been preceded by the attempted service of the first one. The fact that it was termed an *alias* or amended writ could in no manner affect the rights of the defendants. For these reasons we hold that the second writ rightfully issued in the original proceeding.

But, however that may be, the only thing that could have been required would have been to have had an affidavit, the same as the one filed in the original action, filed in another one, to authorize a writ which would have had the same effect as was given to the one in question, and the proceedings authorized thereunder would have been the same in all respects ex-

cepting that they would have been under a new number upon the files and records of the superior court. The effect upon the defendants' rights would have been the same, whether the writ had as its foundation the affidavit filed in the old case or one of the same tenor filed in a new one. Hence they were not injured by the irregularity, if irregularity it was.

There is an attempt to found error upon the fact that the alternative writ did not recite all the facts relied upon by the plaintiffs; but in our opinion the substantial facts were sufficiently recited. Beside, under our statute, we doubt whether it is necessary to recite any of the facts in the writ if the affidavit upon which it is founded is referred to therein and served therewith.

Upon the answer of the defendants and the reply of plaintiffs, certain issues of fact were presented which the defendants demanded should be submitted to a jury. In order to comply with this demand the court issued a special venire to the sheriff of the county commanding him to summon enough persons qualified to serve as jurors to constitute a jury for the trial of the cause. To this defendants excepted, and they here claim that by the issue of such venire the court committed such error as should reverse the judgment. The proceeding was a summary one and the court was not required to await a regular panel of jurors before proceeding with the trial; and a jury trial having been demanded by the defendants, they cannot complain at the action of the court in taking the only course by which it could procure a jury within a reasonable time. But, even if the action of the court in calling the jury was erroneous, the judgment should not be reversed on that account. The verdict finally rendered was a directed one, and for that reason the

constitution of the jury had no effect upon the rights
of the parties.

On the trial upon the merits the facts as disclosed by
the bill of exceptions were substantially agreed to.
Therefrom it appeared that upon the face of the re-
turns returned to the common council the plaintiffs
were entitled to certificates of election, and that those
to whom certificates were given were not so entitled;
that in making the canvass the common council went
behind the returns of the election officers and from an
inspection of the ballots cast by the electors deter-
mined the result and issued their certificates in ac-
cordance with the result so found.   From this it will
appear that but a single question was presented for
decision upon the merits of the case, and that was as
to whether or not the common council, as a board for
the canvassing of the election returns, was bound by
the face of the returns.   The trial court was of the
opinion that it was, and that upon the agreed facts the
board had never made a canvass of the election re-
turns as required by law.   In this opinion we concur.
That the duty of canvassing boards is purely minis-
terial and confined to tabulating and ascertaining the
result of an election as shown by the face of the re-
turns properly made out by the election officers is well
established upon both reason and authority.   The
election laws place the responsibility of determining
the result at each election precinct upon the election
officers and leave to the canvassing board only the
duty of ascertaining the result from the returns made
by such officers.   An examination of § 226 of McCrary
on Elections, and the authorities therein cited, will be
sufficient to show that nearly or quite all of the courts
have so held.

Nor does the fact that upon some erroneous rule a

certificate of election had been issued to other than the persons entitled thereto relieve the canvassing board from the duty of making a proper canvass and issuing the necessary certificates.    See *People v. Hilliard*, 29 Ill. 413.

One other reason is suggested why the judgment should be reversed.    It is claimed that since the common council was the sole judge of the election and qualification of its members, the court has no jurisdiction to control its action in determining the result of the election.    The common council which assumed to act as the board of canvassers of the election was not the common council which would finally determine as to the election and qualification of the members chosen at said election.    The new council to which they were elected was the one which would finally pass upon that question, and the fact that the result as certified by the canvassing board would be subject to revision by such common council could have no effect upon the duty of the canvassing board in determining the result of the election.    Certificates issued by such board *prima facie* entitled those to whom they were granted to sit as members of the new council, and their issuance was as necessary to determine this *prima facie* right as it would have been if such rights would have been finally determined by such certificates.

We find no error in the record of which the appellants can complain, and the judgment will be affirmed.

ANDERS, SCOTT, DUNBAR and GORDON, JJ., concur.