[No. 6399. Decided December 4, 1906.]

The State of Washington, *on the·Relation of H. B. Howe*
*et al., Respondent,* v. Thomas Kendall, *as Mayor of*
*the Town of Port Orchard, et al., Appellants.*[1]

Mandamus—Parties Plaintiff—Joinder. Two persons who have
been elected to a town council may join as plaintiffs in a proceeding
to compel the canvass of the election returns.

Same—Parties Defendant—Joinder. In a proceeding to compel
the canvass of ·election returns by the town board of canvassers,
there is no defect of parties defendant, where the writ runs against
the council and the mayor, who is a member of the board, and was
served on him and on a majority of the council, although members
of the council not recognized were not joined or served.

Same—Elections—Canvass of Returns—Remedies. Mandamus
is the proper remedy to secure a canvass of the returns of a town
election, where the canvassing board refuses˙ to act, whether the act
is ministerial or there is a refusal to exercise a discretion in a
quasi judicial capacity. .

Same—Costs. Mandamus is a civil remedy in which the costs
may be awarded against the defendants.

Appeal from an order of the superior court for Kitsap
county, Frater, J., entered May 3, 1906, granting a mandate
to canvass the returns of a town election, after overruling a
demurrer to the petition. Affirmed.

*John G. Barnes,* for appellants.

*J. Henry Denning* and *William A. McLeod,* for respond-
ent.

Dunbar, J.—This is a proceeding brought in.the superior
court of Kitsap county, in the name of the State of Washing-
ton on the relation of the respondents, H. B. Howe and H.
P. Walker, to obtain a writ of mandate directed to Thomas
Kendall, as mayor of the town of Port Orchard, a city of

[1]Reported in 87 Pac. 821.

the fourth class, and S. H. Livingstone and C. P. Ainsworth, as members of the common council of said town, to compel them, and each of them, to sit as a board of canvassers of election returns and issue certificates of election to the relators, and each of them, as members of the common council of said town. Various alternative writs of mandate were issued in the proceedings moved against by the appellants, and quashed by the court. The third alias alternative writ of mandate, and the affidavit upon which it is founded, designated as the third amended affidavit, is the one which is under consideration. The third alias alternative writ is in the same language as the third amended affidavit on which it was issued, and in substance, alleges as follows: That the town of Port Orchard is a town of the fourth class; that the relators are citizens, residents and qualified electors, etc.; that Thomas Kendall is the mayor of the town; that Livingstone and Ainsworth, together with one Radey, are the qualified and acting members of the common council, and a majority of all of said common council; that they and the mayor constitute the board of canvassers of the returns of the city election held in said town on the 5th day of December, 1905; that they are the board required by law to issue certificates of election to persons duly elected, etc.; that at a city election duly, legally, and regularly held in the said town of Port Orchard on the 5th day of December, 1905, the relators were duly elected, having duly and regularly received a majority of all the votes cast by the duly qualified electors of said town for said officers, setting forth the regularity and legality of the election, etc.; that notwithstanding the election of the relators and the rights of the relators and of the public, the mayor and city councilmen mentioned wholly failed, neglected, and refused to perform their public duty and to canvass the returns of said city election, or to sit as a board of canvassers of the returns thereof, or to declare the relators duly elected as members of the council, or to issue a

certificate of election to them as members of the council, although they had duly demanded the said action on the part of the mayor and council. This is the substance of the affidavit, although it is set out with great circumstantiality. To the third alias alternative writ, the appellants filed a demurrer, on the grounds of the defect of parties plaintiff, defect of parties defendant, and that the writ did not state facts sufficient to constitute a cause of action or proceeding, or to entitle the relators, or either of them, to any relief. The demurrer was overruled, exceptions were taken, and the peremptory writ of mandate issued. From this order and judgment of the superior court, appellants have appealed, and assigned as errors the grounds of the demurrer just noticed.

There was no defect of parties plaintiff. There was a common right to both of the relators to compel the canvassing of the election returns. Two actions to determine the same common question would simply have been a multiplicity of suits, which the policy of the law avoids when possible. This kind of an action was sustained by this court in *State ex rel. King v. Trimbell*, 12 Wash. 440, 41 Pac. 183.

Neither was there a defect of parties defendant. The law provides, Pierce's Code, § 3521 (Bal. Code § 1009):

"The council shall judge of the qualifications of its members and of all election returns, and determine contested elections of all town officers. . . ."

and it was the council that the writ ran against, and all of the council that the affidavit recognized. Whether the two alleged members were actually members of the council was one of the issues raised by the petition. In any event, under Pierce's Code, § 1420 (Bal. Code § 5766), the service upon a majority of the board would have been sufficient. The mayor was a proper party to the proceeding. He is made by law the presiding officer of meetings of the board, and as presiding officer the duty was enjoined upon him, as well as upon the others, to canvass the election returns and issue certifi-

cates of election to these relators if the allegations of the
affidavit are true.

There can be no question that mandamus was the proper
proceeding in this case.    If the council in the exercise of the
duty that is imposed upon it by the writ is acting in a minis-
terial capacity, then certainly the writ will lie, for it is the
special office of a writ of mandate to compel a ministerial of-
ficer to perform the duties of his office.    If it is of a quasi
judicial character, a discretion which cannot be reviewed by
the courts, nevertheless the council can be compelled through
the medium of a writ of mandate to exercise that discretion,
and that is what was attempted in this case.

"And the writ has been granted to compel the common coun-
cil of a municipal corporation to receive and count the vote of
a member of the council duly elected and qualified, and to per-
mit him to exercise the duties of his office." High, Extr.
Legal Rem. (3d ed.), § 402, and cases cited.

See, also, *State ex rel. King v. Trimbell, supra.*

It was said by this court in *State ex rel. Brown v. McQuade,*
36 Wash. 579, 79 Pac. 207, that mandamus is a procedure
under the code, and that any person who has a cause that calls
for its invocation has the same right to sue out the writ as he
has to commence a civil action to redress a private wrong;
that it is nothing more than one of the forms of procedure
provided for the enforcement of rights and the redress of
wrongs; that the facts stated in the affidavit for the writ
might be controverted by a return, raising both questions of
law and fact; that the return likewise might be controverted,
and a trial had on the issues of fact thus raised, either before
the court, a jury, or a referee; that judgment could be en-
tered on the verdict or findings not only directing the issue of
a peremptory mandate, but for damages and costs upon
which execution might issue.    And this case disposes of the
final contention of the appellants that costs should not have
been awarded in this case against the mayor and councilmen.

From an examination of the affidavit upon which the writ is based, we are satisfied that no error was committed by the trial court in overruling the demurrer to the same. The judgment will be affirmed.

MOUNT, C. J., ROOT, CROW and RUDKIN, JJ., concur.

HADLEY and FULLERTON, JJ., took no part.