Election Board of Kingfisher County et al. v. State ex rel. Smith.

From an examination of the entire record we are unable to find that the defendant was deprived of a substantial right, or that justice was denied in the trial of this case.

The judgment of the trial court is affirmed.

All the Justices concur.

---

ELECTION BOARD OF KINGFISHER COUNTY *et al.* v. STATE *ex rel.* SMITH.

No. 4735 (Nos. 4653 and 4735 Consolidated). Opinion Filed June 16, 1914.

Rehearing Denied September 8, 1914.

(142 Pac. 984.)

1.  MANDAMUS — Canvass of Election Returns — Adjournment of Board—Compelling it to Reconvene. The purpose of the law being to ascertain the whole number of votes cast and who received the highest number of such votes at an election, in order that the choice of the majority of the voters may be made known and respected, a county election board, which has refused to receive or consider election returns from certain precincts of the county, and, upon a canvass of partial returns only, has issued a certificate of election and adjourned, may be compelled, by mandamus, to reconvene, canvass the returns in the entire number of precincts in the county, and completely perform its duties.

2.  ELECTIONS—County Election Board—Powers—Rejection of Returns. A county election board is without authority of law to hear and determine, upon affidavits, the question of the legality of an election held in any precinct in the county, and thereupon arbitrarily refuse to examine and consider election returns regularly made from such precinct, for in so doing such board must assume and exercise judicial power lodged only in the courts.

(Syllabus by the Court.)

*Error from District Court, Kingfisher County;*
*James B. Cullison, Assigned Judge.*

Proceedings in mandamus by the State, on the relation of Clyde Smith, an elector and resident of Kingfisher county, against the County Election Board of Kingfisher County, and George McCoy and others, as members of such board, and their succes-

sors in office, if any.  Judgment for relator, and respondents bring error.  Affirmed.

*E. J. Giddings* and *George L. Bowman,* for plaintiffs in error.

*Hinch & Bradley* and *W. A. McCartney,* for defendant in error.

BLEAKMORE, J.  Each of these causes is a proceeding for mandamus brought in the court below by the defendant in error, hereinafter called relator, against the election board of Kingfisher county and the members thereof, referred to herein as respondents, to compel them to canvass the returns from certain precincts in Kingfisher county of the votes cast at a general election held in said county on the 5th day of November, 1912, list and record all such returns, and issue a certificate of election showing the relator to have been elected sheriff of said county.

The facts disclosed by the record show that relator and one Charles A. Love were, respectively, the Republican and Democratic candidates for the office of sheriff of Kingfisher county; that respondents, as the county election board of said county, had received the election returns from the entire county and, as such board, had canvassed, listed, and recorded, not the whole, but only a part of the returns made of the votes cast at said election, and refused to canvass, list, record, or certify the returns from Lacey township in said county, but that from partial returns, excluding Lacey township, had declared the result of said election to be that the said Charles A. Love had received the highest number of votes, and issued to him a certificate of election in due form, declaring him to be elected to the office of sheriff of said county.  Respondents refused to examine or consider the returns from Lacey township, for the reason that they determined from the affidavits of the judge and inspector and another who was present at such election that the election held in said precinct was not conducted in accordance with law; that persons voted and attempted to vote at such election who were

not qualified voters; that threats were made to have the election officers in said precinct arrested; and that such officers were otherwise intimidated.

The relator contended that he had reecived the highest number of votes cast in the entire county for the office of sheriff, and was entitled to have the returns of all of the precincts canvassed, the result thereof declared, and a certificate of election, showing he had been elected as sheriff of said county, issued to him by respondents.

An alternative writ of mandamus was issued, and upon a hearing, after answer and return, a peremptory writ was awarded commanding respondents, as such county election board, to immediately reconvene, canvass, and list from the counters' certificates the results of the votes cast in Lacey township for all the officers voted on at said election, to add such returns to the other results of the election, declare the result of the election from the total count of the returns from the entire county, and issue certificates of election to the candidates receiving the highest number of votes as shown by all such election returns.

The relator was, at the time of the institution of this proceeding, the sheriff of Kingfisher county, and since said time has retained such office.

A number of assignments of error are made, consideration of which is not essential to a determination of questions presented by this record; but respondents earnestly contend here that:

"(1) Unless the proof affirmatively shows that a recanvass will change the result in favor of the relator, mandamus will not lie to compel a county election board to reconvene and recanvass the results. (2) The board having already canvassed the returns, issued certificates, and adjourned *sine die,* and being *functus officio,* it cannot be compelled to reconvene and issue other and different certificates. (3) Under the pleadings and evidence, the relator's remedy, if any, was a proceeding in the nature of a *quo warranto,* as provided by statute."

It was the duty of the county election board to examine the returns made by all the various precinct boards of the county, and from the whole of such returns, correct and fair upon their

face, to ascertain and declare the result of the election and issue certificates to the prevailing candidates. Nothing short of this would satisfy the law and preserve to the people the right to have their will, as expressed at the polls, carried into effect. The statute provides no other means by which returns of the votes cast at an election may be canvassed and the result declared; and, before the county election board could adjourn without doing violence to the rights of the people and of the candidates for office, that duty must have been fairly and completely performed.

The election board was without authority to hear and determine, upon affidavits, the question of the legality of the election held in any precinct of the county, and to arbitrarily refuse to examine and consider the returns regularly made by such precinct officers; to do so would constitute an assumption of judicial power, lodged only in the courts. *Stearns v. Biggers,* 23 Okla. 462, 100 Pac. 909, and cases there cited.

It has been appropriately held by the Supreme Court of Florida that:

"The object of the law is to ascertain the whole number of votes cast, and who had received the highest number of such votes, so that the choice of the majority of the voters might be ascertained and respected. If the facts are correctly stated by the relator, the respondents neglected to perform this duty, and therefore did not comply with the law, in which case they did not conclude their duties as canvassers, nor put an end to their powers as canvassers by an adjournment *sine die.* * * * But it is urged that the relator has not pursued the proper remedy; that the canvass by the board does not determine the right to the office, and therefore he has yet to pursue his cause of action by the ordinary process of law to determine it. If this proceeding was intended by the relator to obtain possession of the office, the objection might have force, but he seeks what the law entitles him to, if his statement of facts is correct, viz., a certificate by the canvassers of the result of the election, as appeared by the returns in their possession at the time they made their final statement, to be recorded in the secretary's office, which would be *prima facie* evidence of such result; and the question is whether he is entitled to this evidence upon the case stated. We think he is entitled to it, and, because he is so entitled, he may have the necessary process to obtain it. That

another form of proceeding may be necessary in order to obtain possession of the office and its dignity and emoluments does not affect this question. What he desires is to procure the ordinary and proper legal evidence of his *prima facie* right, upon which he may be enabled to prosecute that right in the appropriate form of proceeding." (*State of Florida ex rel. Bloxham v. Gibbs,* 13 Fla. 55, 7 Am. Rep. 233.)

See *Tanner v. Deen,* 108 Ga. 95, 33 S. E. 832; *State v. Hill,* 10 Neb. 58, 4 N. W. 514; *In re Sloan,* 5 N. M. 590, 25 Pac. 930.

Mr. Bailey, in his work on Habeas Corpus and Special Remedies, vol. 2, p. 1009, speaking of boards of canvass, or election boards, states:

"An important question in this connection is whether the courts are clothed with the power, and, if so, whether they should exercise it, to compel them to reconvene, after they have adjourned, and correct their canvass. Their duties require the determination of the number of votes cast for each particular person, and to declare and certify which person has received the greater number of votes. It is held by the Michigan court that madamus lies in all cases to compel such boards, not only to proceed to the performance of this duty, but also to prosecute it to the end; and whenever it is made to appear that they have not completed their duties in conformity to law, as in excluding certain returns or in other ways, by which the number of votes cast has not been determined, mandamus will lie to compel them to include such returns, and to certify the whole vote cast. That all questions relating to the validity of the elections are to be determined by legal tribunals; no such discretion being vested in the board of canvassers. * * * That the duty being purely clerical to foot up the returns and declare the result and issue certificates accordingly, such duty will be coerced by mandamus, even after the board has declared that a candidate was elected and thereafter adjourned, when it appears that the duty was not performed in the manner required by law."

The doctrine that an election board which has failed to completely discharge the duties imposed upon it by law should be coerced, by mandamus, to reconvene, if it has adjourned, and reconsider and correct the canvass and returns made by it, is firmly established by this court. *Moren v. Nichols et al.,* 35 Okla. 283, 129 Pac. 741; *Stearns et al. v. State ex rel. Biggers et al.,* 23 Okla. 462, 100 Pac. 909.

The contention that relator's remedy, if any he had, was a proceeding in the nature of a *quo warranto* may be answered by the statement that the relator, and not his rival, Charles A. Love, was in the possession and use of the office of sheriff of King-fisher county.

It follows that the judgments of the trial court should be affirmed; and it is so ordered.

All the Justices concur.