[No. 12756.   Department Two.   December 15, 1915.]

THE STATE OF WASHINGTON, *on the Relation of Ed Roe,*
*Respondent,* v. THE CITY OF SEATTLE *et al.,*
*Appellants.*[1]

MANDAMUS—WHEN LIES—TO CITY OFFICERS—CIVIL SERVICE EM-
PLOYEES—DISCHARGE.  A city employee, discharged in violation of
civil service rules, is entitled to be restored to his former position by
mandamus, under Rem. & Bal. Code, § 1014, authorizing the issuance
of a writ of mandamus to any inferior tribunal, corporation, board
or person to compel the performance of an act which the law espec-
ially enjoins as a duty resulting from office, or to compel the admis-
sion of a party to the use and enjoyment of a right or office to which
he is entitled and from which he is excluded by such inferior
tribunal, board, etc.

SAME—WHEN LIES—CIVIL SERVICE EMPLOYEES—REINSTATEMENT—
DAMAGES—SALARY.  Where a city employee in the garbage depart-
ment was discharged in violation of civil service rules on June 5th,
1913, and kept out of employment until January 14, 1914, when he
was lawfully dismissed on the ground of lack of work, mandamus
was the proper remedy to reinstate him to the position for the pe-
riod that he had been unlawfully deprived of his employment, and
for recovery of his salary therefor as a secondary matter, under Rem.
& Bal. Code, § 1024, providing that, if judgment be given in mandamus
for the applicant, he may recover the damages which he has sus-
tained, together with costs.

SAME—RECOVERY OF SALARY — CONDITIONS PRECEDENT — PRESENTA-
TION OF CLAIM.  A city employee, discharged in violation of civil
service rules, is entitled to maintain mandamus proceedings to rein-
state him to the position for the period that he had been unlawfully
deprived of his employment, and incidentally to recover his salary
for the period, without having first presented a claim to the city
council for the salary due in compliance with Rem. & Bal. Code,
§§ 7995-7997, relating to the filing of a claim as a condition precedent
to an action for damages, which statute has no application to such
a case.

MUNICIPAL CORPORATIONS — EMPLOYEES — WRONGFUL DISCHARGE —
SALARY—REMEDIES.  A city employee in the garbage department, dis-
charged and kept out of the service in violation of civil service rules,
is not obliged to look to the person who displaced him for his

[1]Reported in 153 Pac. 336.

salary, but may recover the same from the city; especially where the position was not an office and his duties were performed indiscriminately by other employees.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered January 7, 1915, upon findings in favor of the plaintiff, in an action to compel reinstatement into office and for the payment of salary, tried to the court. Affirmed.

*James E. Bradford* and *William B. Allison*, for appellants.

*Thomas R. Horner* and *Edgar C. Snyder*, for respondent.

HOLCOMB, J.—The relator was a civil service employee and furnace tender in the garbage division of the department of public health of Seattle who was discharged on June 5, 1913, on the ground of "lack of veracity and integrity," by the commissioner of health of Seattle. He had been employed under civil service regulations by the department of health, and when discharged, appealed to the civil service commission of Seattle.

A hearing was had on September 13, 1913, before the civil service commission, and a decision was had in his favor. The civil service commission ordered him reinstated in his position in the health department. Thereafter he frequently reported and requested the department to be restored to his position, and at numerous times presented himself to those in charge of the garbage division, and represented that he was willing and anxious to resume his work, but without assigning reasons, his reinstatement was refused. Finally, on January 14, 1914, the health commissioner announced that relator would not be restored to his position on account of lack of work.

Besides appearing personally and making his demands on the head of his division and on the department of health for his reinstatement, relator had also made written demands of like purport on two occasions to the city council. These written demands requested his reinstatement and payment of

salary, at the rate he had previously been paid, from June 5, 1913, until he was again placed on the city pay roll. His demands were refused by the department of health and by the city council, and this action was instituted in the superior court against appellants to compel his restoration and the payment of his salary. Trial was had on October 21, 1914, and the trial court made findings of fact and conclusions of law as follows:

"First: That relator was discharged from the city's employment on June 5, 1913.

"Second: That the city's health commissioner, J. E. Crichton, filed with the civil service commission his reasons in writing why he had discharged relator.

"Third: That on September 14, 1913, trial thereon was had before the commission, and relator was acquitted and ordered reinstated on the payroll of the city in his former position and at the same salary of $85 a month.

"Fourth: That immediately upon his acquittal, relator presented himself to said Crichton and asked and requested to be put to work; and that at various and frequent occasions thereafter he presented himself to said official and to the garbage division of the health department and requested reinstatement; all of which was refused him.

"Fifth: That on October 1, 1913, and again on March 20th, 1914, relator presented the same demands to the city council.

"Sixth: That on January 14, 1914, said Crichton, health commissioner, wrote and delivered to the civil service commission of Seattle a notice to the effect that relator had been laid off for want of work; that said notice was the first and only notification to said board of civil service commissioners that relator was laid off for want of work; that at no time up until the time of trial had relator had any notice, actual or constructive, that he had been discharged for lack of work; that from June 5, 1913, until January 14, 1914, relator labored under, acted and believed, and was entitled to so act and believe, that he was entitled to re-instatement.

"Sixth: That after January 14, 1914, there was no work in the department for relator, and for that reason relator is not entitled to re-instatement.

"Seventh: That relator is entitled to his salary from June 5, 1913, until January 14, 1914, amounting to $620 and judgment for that amount."

Appellants' first three errors go to the sufficiency of the complaint, the sufficiency of the testimony, and the denial of their motion for judgment. These will be considered together. It is contended that the complaint is insufficient for the reason: (1) that it does not state that respondent had filed a claim with the city council as provided by the Seattle charter and by the state law. Rem. & Bal. Code, §§ 7995, 7996, 7997 (P. C. 77 §§ 133, 135, 137), referring to filing claims in actions for damages. And (2) that mandamus is not the proper remedy in such a case as this. The statute, Rem. & Bal. Code, § 1014 (P. C. 81 § 1753), provides that the writ of mandamus may be

". . . issued by any court, except a justice's or a police court, to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station, or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such inferior tribunal, corporation, board or person."

The civil service laws are in many respects mandatory, and are, therefore, enforceable by mandamus, subject, of course, to the rules governing the issuance of the writ. An employee discharged in violation of the civil service laws is entitled to be restored to his former position by mandamus. 19 Am. & Eng. Ency. Law (2d ed.), 773, 774. Mandamus lies to reinstate an officer or employee who has been discharged in violation of the civil service laws. 26 Cyc. 261.

Our statute further provides, Rem. & Bal. Code, § 1024 (P. C. 81 § 1775) that:

"If judgment be given for the applicant he may recover the damages which he has sustained, as found by the jury or as may be determined by the court or referee, upon a

reference to be ordered, together with costs; and for· such damages and costs an execution may issue, and a peremptory mandate must also be awarded without delay."

Mandamus is a civil remedy in which the costs may be awarded against the defendants. *State ex rel. Howe v. Kendall*, 44 Wash. 542, 87 Pac. 821.

In *State ex rel. Barto v. Board of Drainage Com'rs*, 46 Wash. 474, 90 Pac. 660, it was held that mandamus is the proper remedy to secure the issuance, by drainage commissioners, of warrants in payment of services, although the right thereto is denied and plaintiff might proceed by ordinary action for breach of contract; since, under the code, mandamus is but a form of civil action wherein appropriate relief may be given, and is especially authorized by the code to compel the performance of a duty imposed by law on public officers.

In *State ex rel. Bussell v. Callvert*, 33 Wash. 380, 74 Pac. 573, it was held that mandamus may issue to any inferior tribunal, board or person to compel the performance of a duty espęcially enjoined by law, or the admission of a party to the enjoyment of a right from which he is unlawfully precluded.

There is no doubt that it was the proper remedy in the present case, for the reason that it was necessary that the relator first establish his right to be reinstated to the position of which he had been deprived, and his recovery of salary due him for the period of time during which he had been unlawfully deprived of his employment was a secondary matter.

In such case, it would not be necessary for him to make a claim to the city under the statute relating to the filing of claims for damages. The complaint was therefore sufficient, and, for the same reason, appellants' challenge to the sufficiency of the evidence and their motion for judgment were each properly denied.

The original removal of relator by the health commissioner was wrongful, and was so found by the civil service com-

mission, which had jurisdiction to hear and determine the matter, and the removal was, therefore, unlawful; but on January 14, 1914, the relator was removed for a good, sufficient, and lawful reason, namely, that there was not sufficient work for him. He was, therefore, clearly entitled, as the trial court held, to be reinstated in his position as of June 5, 1913, and to recover from that time to January 14, 1914, at the wages fixed for that position. These had been fixed at $85 a month. The wages amounted to $620. He was clearly entitled to this recovery under our holdings in *Foster v. Hindley*, 72 Wash. 657, 131 Pac. 197, and *Bringgold v. Spokane*, 27 Wash. 202, 67 Pac. 612.

Appellants, however, contend that, even though relator may be entitled to be reinstated in his position and entitled to the salary for the period for which he was unlawfully removed, he must look to the person who displaced him for his salary, and base their contention upon our decision in *State ex rel. Cole v. Coates*, 74 Wash. 35, 132 Pac. 727. In that case the relator brought a proceeding in *quo warranto* to be restored to his position, and to recover the salary during the time of his ouster. It appeared in that case that the position from which relator had been removed was in the nature of a permanent, official position, and that another person named in the proceedings, and made a defendant therein, had been appointed to the position. It was there held that the person who had been appointed to the position in the place of relator had illegally usurped the position, and the judgment was that the relator recover from the usurping appointee the salary which should have gone to the relator, and for any unpaid salary from the city of Spokane. We think a mere statement of the case distinguishes it from the case at bar.

In the present case, the position was not an office; was not a permanent position although subject to civil service rules; and there was no particular person appointed to fulfill the

duties of the position. The labor which relator had to perform was simply performed indiscriminately by some other civil service employee.

There was no error. Judgment is affirmed.

MORRIS, C. J., MAIN, PARKER, and ELLIS, JJ., concur.