# RICH v. HENDERSON.

No. 3034.   Decided January 8, 1917 (162 Pac. 621).

MANDAMUS—SUBJECTS OF RELIEF—MINISTERIAL ACT—ISSUANCE OF CERTIFICATE OF ELECTION—IRREGULARITY.  Under Comp. Laws 1907, section 872, providing that in canvassing no returns must be rejected if it can be ascertained therefrom the number of votes cast for each person, and that the fact that the returns do not show certain acts or the failure of the judges to perform any other act in making up the returns not essential to determine for whom the votes were cast is not such an irregularity as to entitle the board to reject them, the school board, when canvassing the returns of an election for school director, must, as a ministerial act, issue a certificate to the candidate shown by the certified returns to have received a plurality of the votes, though the tally sheets show a smaller number of votes cast than are shown by the certified returns, and the board can be compelled by mandamus to issue such certificate.[1]

---

[1]*Page v. Utah Commission*, 11 Utah 119, 39 Pac. 499.

Original application for writ of mandamus by Edward I. Rich against H. H. Henderson and others.

PEREMPTORY WRIT ISSUED.

*J. N. Kimball* and *Valentine Gideon* for plaintiff.

*C. C. Richards* and *Geo. Halverson* for defendant.

CORFMAN, J.

The plaintiff herein filed an original application for a peremptory writ of mandate to issue out of this court commanding the defendants, as a board of canvassers at an election, to assemble and order and direct the issuance of a certificate of election to the plaintiff, as a member of the board of education of Ogden City, Utah.

The facts, substantially as stated in the application, are as follows:    That the defendants H. H. Henderson, Wade M. Johnson, W. H. Williams, Fred E. Williams, and J. W. Levedahl were and now are members of the board of education of Ogden City, Utah, and the defendant Viola M. Clancy the clerk thereof; that on December 6, 1916, an election was regularly held in each municipal ward of Ogden City, for the election of one member of the school board from each ward in the city, and that at said election 1,458 votes were cast for such member in the Fourth municipal ward of the city, of which the plaintiff received 729 votes, the defendant H. H. Henderson received 718 votes, and D. C. Swartfager received 11 votes, all of which were duly tallied by the judges of election in the said ward, certified and returned by them to the clerk of the said board of education; that thereafter the defendants, as a board of canvassers, duly met, and, having received said certified returns, duly canvassed the same as required by law, and found that the polling lists failed to disclose more than 1,439 persons voting at the election, and for that reason resolved that it was impossible for them as a canvassing board to determine from the returns what candidate received a plurality of the votes cast in the said Fourth municipal ward at said election, and since and now refuse to

issue a certificate of election to any of the persons thus voted for.

The defendants by their answer to plaintiff's application admit the foregoing facts, and contend this court should not issue its mandate herein requiring them as a canvassing board to issue its order directing a certificate of election to issue to the plaintiff, for the reason that it does not appear from the returns which of the candidates voted for at said election received a plurality of the votes cast thereat.

The difficulty arising out of this election, and with which the defendants, as a board of canvassers, had to contend, is the discrepancy between the tally sheets duly certified to showing 1,458 votes cast and the polling lists not certified to showing only 1,439 persons voting at said election. It does not appear that any attempt was made by the defendants, as a board of canvassers, or that any other means were adopted, to account for this discrepancy, and this court is now to determine whether, under these conditions, its mandate should issue requiring the defendants, as a board of canvassers, to order and require a certificate of election to be issued to the plaintiff.

Comp. Laws 1907, section 872, provides:

"The canvass must be made in public by opening the returns and determining therefrom the vote of such county or precinct for each person voted for, and for and against each proposition voted upon at such election, and declaring the result thereof. In canvassing, no returns must be rejected, if it can be ascertained therefrom the number of votes cast for each person. The fact that the returns do not show who administered the oath to the judges of election, or a failure to fill out all the certificates in the poll books, or to do or perform any other act in making up the returns that is not essential to determine for whom the votes were cast, is not such an irregularity as to entitle the board to reject the same, but they must be canvassed as are other returns."

It plainly appears from the foregoing statute that "irregularities" in the returns are to be disregarded by the canvassing board, and that a failure "to do or perform any other act in making up the returns that is not essential to determine

for whom the votes were cast'' are not to be taken into account by them.

It appears from the face of the returns made at this election that the plaintiff did receive a plurality of votes. As to whether there were a greater number of ballots cast than there were persons voting at the election we are of the opinion the board of canvassers are not called upon to decide; that their duties were, in this regard, wholly ministerial, and that upon their finding that a plurality of votes, as shown upon the face of the returns, were for the plaintiff, they should have caused a certificate of election to issue to him in due form; that the board of canvassers were not called upon to consider and take into account the discrepancy between the tally sheets and the polling lists, but should have caused a certificate to issue to the person shown by the returns to have received the highest number of votes, and left the matter of determining his rightfulness to hold the office to investigation and proceedings to be had in a court having jurisdiction to hear and determine the facts which the defendants, as a board of canvassers, could not consider, and which this court in this proceeding cannot determine. *Page* v. *Utah Commission*, 11 Utah 119, 39 Pac. 499; *Brown* v. *Jeffries*, 42 Kan. 605, 22 Pac. 578; 10 A. & E. Ency. of Law 747; *Lehman* v. *Pettingell*, 39 Colo. 259, 89 Pac. 48. The position taken by the defendants as a canvassing board, if sustained, would render the election held ineffective and abortive, and such, we are convinced, is never the spirit or intent of the statutes of the election laws of this state.

Let a peremptory writ issue commanding the defendants, as members of the board of education of Ogden City to forthwith assemble and reconvene as a board of canvassers of the election held in Ogden City the 6th day of December, 1916, and direct and require the defendant Viola M. Clancy, as the clerk of said board, to issue to the plaintiff, Edward I. Rich, a certificate of election in due form to the office of a member of the board of education of Ogden City, Utah.

It is ordered that judgment be entered therein accordingly, with costs to the plaintiff.

FRICK, C. J., and McCARTY, J., concur.