HILL v. MOSS et al.

No. 3915.   Decided December 30, 1922.   (211 Pac. 994.)

1.  MANDAMUS—BOARD OF EDUCATION AS CANVASSING BOARD MAY BE COMPELLED TO ISSUE CERTIFICATE OF ELECTION TO SUCCESSFUL CANDIDATE FOR MEMBER OF BOARD, THOUGH FAILING TO QUALIFY AS SUCH.  Under Comp. Laws 1917, § 2243, providing that the board of county canvassers must declare elected the persons having the highest number of votes given for each office to be filled by the votes of a single county or subdivision thereof, and section 2244, providing that the county clerk must immediately make out and deliver to such person a certificate of election signed by him and authenticated with his seal, a board of education sitting as a canvassing board, and withholding a certificate of election to a successful candidate as a member of a school board on the alleged grounds that he had not qualified as a candidate under Comp. Laws, § 4602, as amended in Laws 1921, c. 102, and that they issued a certificate to his opponent, who received a less number of votes, but who qualified as a candidate, upon the advice of the superintendent of public instruction, under Comp. Laws 1917, § 4520, providing for his advice to school boards upon all matters involving the welfare of the schools, will be compelled to issue a certificate of election to such successful candidate, for the reason that the qualifications of candidates for election as members of school boards are judicial questions, and not for determination by the board of canvassers.[1]

[1] *Rich* v. *Henderson*, 49 Utah, 258, 162 Pac. 621.

2. MANDAMUS—LAW RELATING TO ELECTION CONTESTS HELD NOT 'TO AFFORD ADEQUATE REMEDY TO SUCCESSFUL CANDIDATE FOR SCHOOL BOARD DENIED ELECTION CERTIFICATE. Comp. Laws 1917, § 2410, relating to election contests, does not afford an adequate remedy to candidate for election as a member of a school board, where there is contest as to his election, who is denied a certificate of election by the board of education because he did not qualify as such candidate.

3. MANDAMUS—ISSUANCE OF CERTIFICATE TO UNSUCCESSFUL CANDIDATE FOR SCHOOL BOARD HELD NO REASON WHY SUCCESSFUL CANDIDATE SHOULD BE DENIED PEREMPTORY WRIT. Issuance by the board of education of a certificate of election to an unsuccessful candidate as member of school board is no reason why the candidate should be denied a peremptory writ to compel issuance of a certificate to him.

Application for mandamus by Joseph Hill against James E. Moss and others, as members of the Board of Education and Clerks of Granite School District.

WRIT GRANTED.

*Stewart, Stewart & Alexander,* of Salt Lake City, for plaintiff.

*O. W. Carlson,* of Salt Lake City, for defendants.

THURMAN, J.,

This is a proceeding in mandamus to compel the issuance of a certificate of election to plaintiff as a member of the school board of Granite school district, Salt Lake county, Utah.

The material facts which are not in dispute are substantially as follows: The defendants are the officers—members of the board of education and clerk— of said school district, which is divided into five representative precincts. The plaintiff is a citizen of the United States, a resident taxpayer and qualified voter of the Fifth precinct. An election was called for and held in said district on the 6th day

of December, 1922, for the election of three members of the
board—one for the first precinct, one for the third, and one
for the fifth. The members of the board of education, sit-
ting as a canvassing board, canvassed the returns of said
election and counted the votes. The canvass showed that
for member of the board for the Fifth precinct plaintiff
received 397 votes and Calvin S. Smith received 141. The
result of the canvass, findings, and order of the board were
made part of the official records of the district. Upon the
returns and canvass so made plaintiff demanded of the de-
fendants a certificate of election as member of the board.
Defendants refused to comply with plaintiff's demand, but
issued the certificate to said Calvin S. Smith.

The foregoing facts alleged in plaintiff's application are
not only admitted by defendants' general demurrer filed in
the case, but are also affirmatively admitted in their return
to the order to show cause. It is also admitted that all the
proceedings relating to the election, qualifications of voters,
canvassing returns, and counting the votes were regular and
according to law. It is alleged, however, by defendants,
that the plaintiff, who received the highest number of votes,
had not qualified as a candidate as required by law, and was
therefore not entitled to receive a certificate of election.
This seems to be the principal defense of defendants as
shown by their returns to the order to show cause, but they
also urge the contention that plaintiff has a plain, speedy,
and adequate remedy at law, that mandamus is not a proper
remedy where a certificate of election has been issued to
another person, and that in issuing the certificate to Calvin
S. Smith they acted upon the advice of the superintendent
of public instruction and his interpretation of Comp. Laws
of Utah, § 4602, as amended in Session Laws of 1921, p.
293, which reads as follows:

"Elections for members of the board shall be called and con-
ducted, and the canvass of returns shall be made, and the qualifica-
tion of electors shall be as provided in the general registration and
election laws, except as in this section hereinafter provided. There
must be at least one voting place in each school representative pre-
cinct. *It shall be necessary for each candidate, or at least five citi-*

*zens in behalf of the candidate, to file with the clerk of the board
of education not less than fifteen days next preceding the day of
election, a signed statement announcing that he or she is a candi-
date, and said clerk shall immediately thereafter furnish a list of
said candidates to any citizen who may call upon him for the same.*
Appointments of judges of election shall be made by the board of
education at any convenient time prior to the day of election. The
board of education shall furnish the judges of election at every poll-
ing place with a sufficient number of official ballots for election
purposes and shall pay all other lawful and necessary expenses of
the election. The election shall in all other respects be conducted
in accordance with the general election laws of the state. The
board of education shall exercise all such powers relative to school
elections in their respective districts as are conferred upon the
board of county commissioners in other elections, so far as con-
formable with this chapter." (Italics supplied.)

It does not appear from plaintiff's application that he
complied with the italicized provision of the section just
quoted by filing the statement therein required, either by
himself or by five citizens in his behalf, and upon this ground
defendants insist that their demurrer to the application
should be sustained. On the other hand, plaintiff contends
that it was not the function of the canvassing board to deter-
mine the qualification of candidates, or to attempt to adjudi-
cate the same; that their sole and only function was to can-
vass and count the votes cast and issue a certificate to the
person receiving the highest number. There is much force
in this contention, and, unless there is some controlling fea-
ture in the case that takes it out of the ordinary rule, plain-
tiff's contention should be sustained.

Comp. Laws Utah 1917, § 2243, reads:

"The board must declare elected the persons having the highest
number of votes given for each office to be filled by the votes of a
single county or subdivision thereof."

The next succeeding section is also pertinent in this con-
nection:

"The county clerk must immediately make out and deliver to
such person a certificate of election signed by him and authenti-
cated with his seal."

In these two sections the duty of the canvassing board
and its clerk are clearly defined. The duty of the board

is to declare elected the person receiving the highest num-
ber of votes, and the duty of the clerk is to issue to such per-
son a certificate of election.

As indicating the limited powers of a canvassing board
and the scope of their duties under the statutes of the state,
the case of *Rich* v. *Henderson*, 49 Utah, 258, 162 Pac. 621,
is instructive. In that case the defendants, the same as
here, constituted the board of education and clerk of the
school district. An election was duly called and held for
the election of a member of the board in each municipal
ward of the city. The report of the judges of election
showed that 1,458 votes had been cast in the Fourth munici-
pal ward for the candidates for member of the board, of
which the plaintiff received 729 votes, the next highest can-
didate 718, while 11 votes were cast for a third candidate.
The votes were tallied, certified, and returned by the judges
to the clerk of the board of education. Thereafter the de-
fendants met as a board of canvassers and canvassed the
votes as required by law. The board found that the polling
list failed to disclose more than 1,439 persons voting at said
election, and therefore resolved that it was impossible for
them as a canvassing board to determine from the returns
what candidate had received a plurality of the votes, and
for that reason refused to issue a certificate to either of the
persons for whom votes had been cast. The plaintiff, who,
according to the returns, had received the highest number
of votes, applied to this court for a peremptory writ of man-
date requiring the defendants to issue to him a certificate of
election. This court, in passing upon the question submitted,
quotes at length the following statute, now section 2241,
Comp. Laws 1917:

"The canvass must be made in public by opening the returns and
determining therefrom the vote of such county or precinct for each
person voted for, and for and against each proposition voted upon at
such election, and declaring the result thereof. In canvassing, no re-
turns must be rejected, if it can be ascertained therefrom the number
of votes cast for each person. The fact that the returns do not show
who administered the oath to the judges of election, or a failure to
fill out all the certificates in the poll books, or to do or perform any

other act in making up the returns that is not essential to determine for whom the votes were cast, is not such an irregularity as to entitle the board to reject the same, but they must be canvassed as are other returns."

The opinion of the court then proceeds as follows:

"It plainly appears from the foregoing statute that 'irregularities' in the returns are to be disregarded by the canvassing board, and that a failure 'to do or perform any other act in making up the returns that is not essential to determine for whom the votes were cast' are not to be taken into account by them. It appears from the face of the returns made at this election that the plaintiff did receive a plurality of votes. As to whether there were a greater number of ballots cast than there were persons voting at the election we are of the opinion the board of canvassers are not called upon to decide; that their duties were, in this regard, wholly ministerial, and that upon their finding that a plurality of votes, as shown upon the face of the returns, were for the plaintiff, they should have caused a certificate of election to issue to him in due form; that the board of canvassers were not called upon to consider and take into account the discrepancy between the tally sheets and the polling lists, but should have caused a certificate to issue to the person shown by the returns to have received the highest number of votes, and left the matter of determining his rightfulness to hold the office to investigation and proceedings to be had in a court having jurisdiction to hear and determine the facts which the defendants, as a board of canvassers, could not consider, and which this court in this proceeding cannot determine. *Page* v. *Utah Commission*, 11 Utah, 119, 39 Pac. 499; *Brown* v. *Jeffries*, 42 Kan. 605, 22 Pac. 578; 10 A. & E. Ency. of Law, 747; *Lehman* v. *Pettingill*, 39 Colo. 259, 89 Pac. 48."

The opinion not only interprets the scope and meaning of section 2241, but, without referring to them, it likewise emphasizes the meaning and effect of sections 2243 and 2244, hereinbefore quoted.

We have reviewed that case at considerable length because it is the latest expression of the court and in principle involves questions analogous to the case at bar. It emphasizes the fact that it is the bounden duty of a board of canvassers to ascertain, if possible, the highest vote cast for any candidate as appears on the face of the returns and to declare such candidate elected, without regard to discrepancies, irregularities, or other considerations not essential to determine for whom the votes were cast.

In the instant case the answer and return of the defendants show that Calvin S. Smith qualified as required by the provisions of section 4602, supra, and, also that he was in every other respect qualified to be elected as a member of the board. The point is further made by defendants that in issuing the certificate of election to him they followed the advice of the superintendent of public instruction, as provided in Comp. Laws Utah 1917, § 4520, which reads:

"He shall advise with county superintendents and with school boards and other school officers upon all matters involving the welfare of the schools. He shall, when requested by superintendents or other school officers, give them written answers to all questions concerning the school law. His decisions shall be held to be correct and final until set aside by a court of competent jurisdiction or by subsequent legislation."

The answer to all of these contentions of defendants is that they assume that the board could exercise judicial functions. Whether or not the provisions of section 4602 requiring candidates, or five citizens in their behalf, to file the statements therein referred to are mandatory or merely directory, in the opinion of the writer, is a judicial question beyond the powers of the canvassing board to determine. The same may be said as to the effect that should be given to the advice of the superintendent of public instruction under the provision of section 4520. We are clearly of the opinion that all of these questions, within the principles enunciated in *Rich* v. *Henderson,* supra, are judicial questions determinable only by a court of competent jurisdiction. We purposely omit intimating any opinion as to how these questions should be decided, for they are not in any sense within the purview of this opinion except to determine that they are judicial questions and should not be determined by a board of canvassers.

In the instant case it appears that all of the votes cast for plaintiff were inserted in writing by the voters in their proper places in the blank ticket. This manner of voting is authorized by section 2216, and as to whether or not the provision is by implication repealed by section 4602, supra, as far as pertains to school elections, that is also a judicial

question beyond the power of the board to determine. As far as that provision is concerned, it was the duty of the board to count the votes, leaving their legality, if challenged, to be determined by a competent judicial tribunal.

It is also urged by defendants that Comp. Laws Utah 1917, c. 16, relating to election contests, afford plaintiff an adequate remedy, and that therefore a peremptory writ of mandate should not issue.

The application in this case is for a writ of mandate compelling defendants to issue a certificate of election to the plaintiff. It is not a proceeding to have him declared entitled to the office. If it were the latter, defendants' contention would be sound and, in all probability, unanswerable. But a demand for a certificate of election by a person having the highest number of votes on the face of the returns, and a demand to be declared entitled to an office irrespective of the returns, present questions entirely different and demand different remedies for their determination. It cannot, therefore, be assumed that one form of action is a complete and adequate remedy for the other. If plaintiff, on the face of the returns, was clearly entitled to be declared elected under the law regulating the duties of a canvassing board then it was the duty of the board to declare him elected, and, likewise, the duty of the clerk to issue him a certificate. This would at least be prima facie evidence of his right to the office, and, if subsequent proceedings were had involving actual title to the office, he would be placed in the position of contestee instead of contestant with whatever advantages that might result from questions relating to the burden of proof. In view of these considerations we are not prepared to hold that section 2410, c. 16, Comp. Laws Utah 1917, was a complete and adequate remedy.

Finally, it is contended by defendants that, a certificate having been issued by the board to Calvin S. Smith, a certificate should not now be issued to the plaintiff, as that would invite further contest proceedings. In other words, in order to foreclose and prevent further contest proceed-

ings, defendants' position seems to be that what has already been done by the board, or omitted to be done, should be permitted to stand, notwithstanding they may have failed to discharge a mandatory duty imposed by law—a duty which the plaintiff, a resident citizen and taxpayer, had a clear right to have enforced.

The writer confesses his entire lack of sympathy with the proposition that, because the board has already issued a certificate to a person who on the face of the returns was not entitled thereto, therefore they should not now be required to issue a certificate to the person entitled thereto on the face of the returns. Defendants, howewer, cite many cases tending to support their contention... *Magee* v. *Caleveras County,* 10 Cal. 376; *Sherburne* v. *Horn,* 45 Mich. 160, 7 N. W. 730; *State* v. *Rodman,* 43 Mo. 256; *State* v. *Stewart,* 26 Ohio St. 216; *People* v. *Greene County,* 12 Barb. (N. Y.) 217; *Territory* v. *Mohave County,* 2 Ariz. 248, 12 Pac. 730; *State* v. *Smith,* 104 Mo. 661, 16 S. W. 503; *O'Hara* v. *Powell,* 80 N. C. 103; *Brown* v. *Bragunier,* 79 Md. 234, 29 Atl. 7.

On the other hand, plaintiff has called our attention to numerous cases expressing the opposite view, cases which, in our opinion, are better considered and based upon sounder reason. *State* v. *Trimbell,* 12 Wash. 440, 41 Pac. 183; *People* v. *Hilliard,* 29 Ill. 413; *Smith* v. *Lawrence,* 2 S. D. 185, 49 N. W. 9; *Coll* v. *City Board,* 83 Mich. 367, 47 N. W. 227; *State* v. *Howe,* 28 Neb. 618, 44 N. W. 878; *Election Board* v. *State,* 43 Okl. 337, 142 Pac. 984; *State* v. *Canvassing Board,* 13 Mont. 23, 31 Pac. 883; *People* v. *Rives,* 27 Ill. 242; *State* v. *Wilson,* 24 Neb. 139, 38 N. W. 31.

It is unnecessary to review these cases at length. They speak for themselves, and extended comment would be a useless consumption of time and space. We are of opinion that the fact that defendants have issued a certificate of election to Calvin S. Smith for the office in question is no reason why plaintiff should be denied the peremptory writ of mandate prayed for in his application.

In arriving at the conclusions reached in this case we have

studiously tried to avoid the determination of the proposition as to who is in fact entitled to the office in question. It is one of the anomalies of the law that in cases of this kind one person may be entitled to a certificate of election in a proper proceeding, while another person in a different proceeding may be entitled to the office. As to who is entitled to the office in the instant case we made no decision.

For the reasons stated, the peremptory writ of mandate is granted as prayed for in the application.

CORFMAN, C. J., and WEBER, GIDEON, and FRICK, JJ., concur.